OPINION OF THE COURT — BY
JUDGE HAMPTON.
This action was instituted oh a note of hand, made by Huldah S. Covington, now the wife of defendant, Thomas Calvit, and by John Vandervall, dated 14th of October, 1818, for two thousand dollars, payable to plaintiff, first of January, 1820. It appeared in evidence, under the general issue, that this note had been given in part consideration of a tract of land, sold by plaintiff’s agent to Mrs. Covington, then a feme sole, and defendant contended, that there had been a partial failure of consideration, and fraudulent misrepresentations in effecting the sale, which would entitle him to a reduction of the amount stipulated for payment, jThq judge submitted to the jury the questions: 1st., Whether the land was sold in gross or per acre: 2d. Whether there were fraudulent represen-tions on the part of plaintiff’s agent? The jury found ja verdict for eight hundred dollars and twenty-five cents, and plaintiff moved for anew trial for reasons filed, which question is referred. It is conceded that the deed contained a warranty for not more than 240 or 250 acres, neither *116 specifically conveyed more, and that the consideration set. out in the deed, and for one half of which this note was given, was four thousand dollars. In addition to the notice which the purchaser had from this express language of the deed, it is in evidence, that she was duly notified of the deficiency of the land, before she took the deed, and agreed to its stipulations. It is not pretended that any mal-practice was used at the time of signing the note and receiving the deed, such as a misrecital of the terms of the deed to one unable to read, but all the evidence, which by any construction could imply fraudulent representations, goes to a period anterior to the deed, and is removed thereby, where the party states the true quantity, and the true price, of which Mrs. Covington could not but be cognizant; all that the deed engages for stands complete, no deficiency in regard to the quantity it warrants; but it is sought to aflect the consideration it acknowledges, by a reduction, in consequence of conversations which passed between the parties prior to the consummation of the contract. If there was any deficiency of what the deed calls for, under our statute, this defence would well obtain. But how can we depart from the covenant contained in the deed, which settled the contract, to loose conversations long anterior to it? No pari of the evidence reported by the judge, has any immediate relation to tire time of the delivery of the deed. A witness, named James Bouth, whose deposition is in evidence, says he was a subscribing witness to the deed, but not present at its delivery, and cannot therefore speak as to what passed between the parties. That at the time of signing the deed, he expressed some sur-. prise at the quantity, being only 250 acres, since he understood the sale to have been for four hundred acres, the quantity he always supposed till then, contained in the tract. Terry told him, that Mrs. Covington might get four hundred acres, more or less; denies that Terry ever told him he had warranted the four hundred acres. Witness lived on the land a year, and all this time supposed the tract to contain four hundred acres. A witness of the name of Fake, whose deposition is in evidence, states, that he was present at the sale, and that two hundred and fifty acres was the quantity, and the consideration, four thousand dollars. He is the only witness who appears to know any thing of what passed between the parties at the time of closing the contract, and he says nothing of any improper in *117 ducement having been presented to Mrs. Covington, to accept the deed. The inference from all the evidence is clear and satisfactory, that Terry sold the land for two hundred and fifty acres, on warranty; yet believing it probable, like many of the old surveys, it might contain more, perhaps five hundred acres, and that Mrs. Covington bought it, content with the assurances of the deed, yet under reasonable hopes, and perhaps belief, that the tract contained more, perhaps four hundred acres. This is certainly more reasonable, than the inference contrary to the express tenor of the deed, that she bought the land at ten dollars per acre, and stipulated to pay for one hundred and fifty acres, at this rate, more than the vendor was willing to warrant.
In Hawes vs. Baker, 3 Johnson’s Rep. 506, the marginal summary of the principles of decision is, “where B. by articles of agreement covenanted to sell and convey to II. a tract of land, at nine pounds per acre, and a deed was accordingly executed, and the purchase money paid according to the quantity of acres expressed in the deed, it,was held, that no parol evidence was admissible to shew, that there was a mistake in the quantity mentioned in the deed, and that an action for money had and received, to recover back the money paid for the number of acres alleged to be deficient, was not maintainable.” Considering the cases analagous in principle, we shall adopt the language of Thompson, judge. There is no instance of any fraud having been practised on the plaintiff. The most that can be alleged is, that there has been a mistake with respect to the insertion of the consideration money in the deed. The contract between the parties, according to the articles of agreement, was executory, and having been executed and consummated by the deed subsequently given, the agreement became null and of no further effect. This is not like the case of Waiver vs. Bentley, 1 Caines’, 48. The court there sustained the action for money had and received, on the ground that the defendant having altogether failed to perform the contract on his part, the plaintiff had his election, either to proceed on his covenant for damages, or to dis-affirm the contract, and to bring his action to recover back the money he had paid. The present case, however, is not one where the plaintiff claims the right of disaffirming the contract, but has consummated it by the acceptance of a deed. The deed cannot be considered as an execu *118 tion of the contract in part only. If an execution at all, it must be of the* whole contract, and the articles of agreement are a nullity. If so, the testimony offered in support of the plaintiff’s action, to shew that the consideration expressed in the deed was more thaffought to have been paid, could be viewed in no other light than as paroi evidence, repugnant to the written contract. That such testimony is not admissible, has been repeatedly ruled in this court. 2 Caines, 171; 1, Johnson’s Reports, 418. The language of the court in those cases, was, that it cannot be a safe or salutary rule, to allow a contract to rest partly in writing, and partly in parol. Whenever it is reduced to writing, that is to be considered the evidence of the agreement, and every thing resting in parol, becomes thereby extinguished
In the case of Scharmarhorne vs. Vanderhyder, 1 Johnson’s Rep. 140, the court say, ‘ithe consideration for the assignment is expressly stated in the deed of assignment itself, and the parties are thereby precluded from setting up any greater or different consideration. To allow of parol evidence for that purpose, would be to extend or substantially vary the language of a written contract. Though the promise in question may have been made previously to the assignment, yet after the execution of the instrument, we must presume, that the father and son altered the consideration mentioned at first, and finally acted upon that which is set forth in the assignment.” So in the case before us, we must presume, after the execution of the deed, that the consideration therein mentioned was the one finally agreed on between the parties. In the absence of fraud, which we consider this case not corrupted with, it will readily be conceded, on the basis of these and many other authorities in the books, that unless under our statute, the consideration for the land sold by the agent of Dr. Kerr to Mrs. Covington, could not be impeached, by parol evidence, having relation to a period anterior to the delivery of the deed, the statute, as we. have before remarked, will not alter the case, except when there be a deficiency of the quantity mentioned in the deed.
As our statute broaches the contract, so as to let in an inquiry into the consideration, we do not deem it necessary to look into the common law doctrine in regard to defences, to be set up, where there has been fraud, a partial, or entire failure, or want of consideration. Without intending *119 -solemnly to adjudicate these points, we intimate an opinion, that in the absence of fraud, no defence can be set up at law on pretence of a partial failure of the consideration — but such defence can be made, where there is an entire want of consideration (ab initio) or an entire failure subsequently, whenever such failure would subject the plaintiff, and where a partial failure is combined with fraud, we are inclined to the opinion such de-fence would be heard —1 Campbell 40, note 2 Campbell, 346,3 Johnson’s ' Rep. 506. The first of these points most doubtful.
The cases in 1 and 2 Bay, proceed much upon the civil law principles. Considering all the circumstances in this case, we are of opinion, that a new trial be granted.
Let a venire de novo he awarded, and the costs abide the final result.
Judges Eixis and Winston concurred.