LUCY A. COCKE *v.* JAMES S. BAILEY, Executor.

1. EVIDENCE: PAROL, NOT ADMISSIBLE TO VARY WRITTEN AGREEMENT.— Where parties put their engagements in writing, it becomes the sole exponent of the contract, and cannot be varied by parol testimony.
2. VENDOR'S LIEN: WIDOW'S DOWER SUBORDINATE TO.—The wife's right of dower is an emanation from the ownership of her husband, and subject to all of its burdens and qualifications, and is subordinate to the vendor's lien for unpaid purchase-money.

APPEAL from the Chancery Court of Tallahatchie county. Hon. Wm. Cothran, chancellor.

P. H. Thornton, on the 5th of February, 1861, made a written agreement with B. W., H. T. and T. A. Cocke, to exchange lands. The terms of the written agreement were, that the Cockes were to convey to Thornton, their tract of land on Honey Island. Thornton was to convey one of his tracts of land in Tallahatchie county to B. W. & H. T. Cocke, and they, for the difference in value, were to execute their promissory note for $8,000; also, he was to convey another tract of land to T. A. Cocke, who was to execute his note for $4,000.

The conveyances were executed and delivered (the wife of H. T. Cocke joining her husband in the conveyance), and the notes were given in pursuance of the written agreement.

Thornton having died, defendant in error, as his executor, filed his bill to enforce his vendor's lien on the note for $8,000, against the widow of H. T. Cocke, and the administrators and heirs of B. W. and H. T. Cocke, both of whom were dead.

Appellant, as the widow of H. T. Cocke, sets up, by way of cross-bill, that she is entitled to dower in the lands sought to be sold, and that the Probate Court of Tallahatchie county had set apart the same to her, and insists that the sale shall be made subject to her rights. That her husband was the owner of a one-third interest in the Honey Island lands, and that she was entitled to dower in the same. That in the exchange of these lands, it was understood, that on her releasing her dower in the Honey Island tract, that she would obtain the right of dower in the other, and on that consideration and understanding her dower was released. That the contract was different from that shown by the written agreement and notes. In the cross-bill there was no prayer for process; none was issued; no answer thereto was filed, and no decree *pro confesso* taken.

J. D. Leflore testified — That he had frequent conversations with the Cockes and Thornton respecting their exchange of lands; all repeatedly told him that the Honey Island place was exchanged unconditionally by the Cockes for the Thornton place; that Thornton had other lands adjoining those conveyed

to the Cockes, and that these were afterwards purchased by the Cockes and their notes given for them.

A decree, without any reservation as to the rights of appellant, for the sale of the lands was made, and from this, appellant appeals to this court.

*W. S. Eskridge*, for appellant, contended, —

1. That appellant had released her right in the Honey Island place, in consideration that the same right would attach to the Tallahatchie lands.

2. That the judgment of the Probate Court setting apart appellant's decree was conclusive until reversed.

3. That when the conveyance was made to the husband of appellant, her right of dower attached. It was a clear legal right. The vendor's lien is but an equity, and in this case interposed to defeat a legal right. Where equities are equal, the legal right will prevail. Appellant has clearly a right of dower in one of the tracts of land, and no equity can be invoked to defeat it.

*D. Shelton* for appellees.

The only question involved in this cause arises on the bill and answer. Is a widow entitled to her dower in opposition to a vendor's lien for part of the purchase-money?

The question is not difficult of solution; the wife's right of dower grows out of her husband's seizin. It is therefore subject to all the equities attached to his seizin at the time the right of dower accrued. If, at the time the right of dower in the land accrued, her husband's right was unincumbered, she is entitled to dower unincumbered; and if, at the time the right of dower accrued, his seizin was incumbered by a lien, the dower right is also incumbered by the lien. Suppose the purchase had been made before marriage, the right of dower would accrue on marriage, but it would accrue subject to the lien.

Now in this case, the sale of the land, the creation of the lien and the accruing of the dower right in the land were simultaneous. The husband, therefore, was never seized of the land,

except subject to the vendor's lien; the right of dower never therefore attached except subject to the same lien. It is just the same case as a sale and re-conveyance, at the same time on mortgage to secure the purchase-money. No one will pretend that the wife can claim dower adversely to the mortgage; her dower right obtains subject to the mortgage.

It may be said that she assigned her right of dower in the Honey Island tract, and therefore she ought to have dower in this tract. So she ought, and so she has, but subject to the vendor's lien to collect his purchase-money. Nay, farther: if the land sells for more than the balance due, she can, by proper proceedings claim her dower in the money; and, still farther, by paying the purchase-money, she can hold her dower and have the decree executed on the other lands only; her right of dower authorizes her to redeem and hold the decree rendered on the equitable mortgage.

She is, therefore, in no danger, if the land is worth more than the debt; and if it is not worth more, our lien has preference of her claim of dower.

JEFFORDS, J., delivered the opinion of the court.

This is a bill in chancery filed by the complainant, James S. Bailey, as executor of the last will and testament of Philip H. Thornton, deceased, against Lucy A. Cocke, Benjamin Cocke, and Thomas A. Cocke, heirs and legal representatives of B. W. and H. T. Cocke, deceased, for the purpose of enforcing the vendor's lien on certain lands described in the petition, under the following state of facts:—

Thornton, the testator, in his lifetime, was the owner, in fee-simple, of two tracts of land lying in Tallahatchie county; one of said tracts containing 1,300 acres more or less, and the other supposed to contain 880 acres more or less.

B. W., H. T. and T. A. Cocke were the owners in fee-simple of a valuable tract of land on Honey Island, supposed to contain 971 acres more or less. These several parties, on the 5th day of February, 1861, entered into a written agreement with each other, whereby it was agreed that Thornton should con-

vey the 1,300 acre tract to B. W. & H. T. Cocke, and the 880 acre tract to T. A. Cocke, for which the Messrs. Cocke agreed to convey to said Thornton the Honey Island tract, and also agreeing to execute two promissory notes to Thornton for $8,000 and $4,000 respectively, to "secure the balance due on the lands purchased." The notes to bear 8 per cent interest, and to become due on the 1st day of January, 1863. The note for $8,000 to be signed by B. W. & H. T. Cocke, and the one for $4,000 to be signed by T. A. Cocke. It was agreed that "the word ' deed ' is understood by all parties to mean a regular legal warrantee deed." The conveyances and notes were executed and delivered in accordance with the agreement. No security was taken for the balance of the purchase-money, nor have the lands conveyed by Thornton ever been released or discharged from the equitable lien given by law.

Thornton departed this life about February, 1863. B. W. Cocke died during the year 1862, leaving one child named Benjamin, an infant of tender years, his only heir-at-law. H. T. Cocke died shortly thereafter, leaving Mrs. Lucy A. Cocke, his widow, and no child.

Mrs. Lucy A. Cocke is the qualified administratrix of the two estates of B. W. & H. T. Cocke, deceased; both estates are insolvent. These are the material facts set up in the bill; the parties in interest are all before the court, and the facts are admitted. The respondent, Mrs. Lucy Cocke, however, after having answered admitting the facts alleged in the bill, through the medium of what she calls a cross-bill, seeks to resist the relief sought by the complainant, unless it be granted subject to her dower right in the estate of her husband. She insists that as her husband was seized in fee-simple, in one third of the Honey Island lands free and unincumbered, she was entitled to dower therein, and that it was agreed and understood between all the parties, that by relinquishing her dower estate in that tract, it would immediately attach to, and rest in, her husband's interest in the Tallahatchie lands. There is no evidence of any such agreement in the record. But a single deposition comes up with the record, and the facts stated

in it are immaterial and unimportant, and if they were ever so much so, they are inadmissible under the rules of evidence.

Upon examination, it appears that what the respondent, Lucy A. Cocke, calls a cross-bill, is a continuation of her answer, and contains few, if any, of the requisites of a cross-bill. The phraseology is that of an answer; and Mrs. Cocke continues throughout to style herself "respondent."

There is a prayer for an answer, but none seems to have been filed. There is no prayer for process, and none appears on the record. No decree *pro confesso* was taken, and no notice or action whatever appears to have been had upon this pretended cross-bill as such at the final hearing.

There seems to have been no demand for a cross-bill in this case, as the matters contained in it might all have been properly set up by way of answer.

The matters set up fall so far short of a defence to the relief sought by the bill, that practically it is of no consequence in what shape they were presented: they could not affect the decision of the case. The court below must have regarded it as a nullity, or as an answer. We feel justified in this assumption from an inspection of the decree itself, which recites that "this cause having been set down for final hearing upon *bill, answers, exhibits*, and *proof*," &c., without noticing or referring to the cross-bill as such. By treating it as an answer throughout, all the weight and force which could possibly be given to it in any form will be accomplished; and at the same time any apparent irregularity which may be supposed to have crept into the record is disposed of satisfactorily.

The question presented by the answer of Mrs. Cocke is, whether her right is subordinate or paramount to the vendor's equitable lien for the unpaid purchase-money. We do not find that this precise question has ever been directly passed upon by this court.

In *Bisland* v. *Hewett et al.*, 11 S. & M. p. 169, the direct question, however, not being squarely before the court, Judge Thatcher, in delivering the opinion of the court by way of dictum, says: "But it may save litigation to intimate that if, as ap-

pears from the record in this case, the title of the husband became divested by the enforcement of the lien reserved by law to his vendor, the claim of the widow must ultimately fail." This, of course, is not binding upon us, unless we find it to be founded upon authority or based in reason.

No principle of law is better established in this State, than the general doctrine of the right of the vendor to his lien for the unpaid purchase-money.

It may be stated, as the result of our deductions from the authorities, that in the State where this doctrine prevails, and where the vendor of lands takes no security for the unpaid purchase-money, although he may have made an absolute conveyance by deed, with a formal acknowledgment in the body or on the back of it, he, nevertheless, retains an equitable lien for the purchase-money, unless there be an express or implied waiver of it.

This lien will be enforced against the vendee, volunteers, privies, and all others standing in his position, or claiming under him with notice. 1 S. & M., *Stewart et al.* v. *Ives*, 197; 6 S. & M., *Upshaw et ux.* v. *Hargrave*, 286; 9 Cowen, *Stafford* v. *Van Renselear;* 1 Johnson's Chancery, *Garson* v. *Green*, 308; 1 Harris & Johnson, *White* v. *Casanave*, 106; 2 Robinson's Virginia, *Wade's Heirs* v. *Greenwood*, 475.

It is preferred to the widow's right of dower, as that is an estate cast upon her by act of law, and not as a purchaser. 2 Robinson's Virginia, *Wilson* v. *Davison*, 385; 11 S. &. M., *Bisland* v. *Hewett et al.* 169 (already referred to); Scribner on Dower, p. 607, § 14. The case of *Wilson* v. *Davison* is directly in point.

Judge Baldwin, in delivering the opinion of the court, says: "The wife's right of dower is an emanation from the ownership of her husband, and subject to all of its qualifications. Her right is dependent upon his as existing at the inception of coverture, or as acquired by him during its continuance.

" If during coverture he purchase mortgaged land, her title, like his, is subject to the incumbrance, and the foreclosure of it destroys both. The result is the same where an incumbrance is

created by the very act of purchasing; for if the purchase-money be unpaid and not secured, an equitable mortgage is embodied in the transaction itself; and if that be foreclosed by a sale of the property under the decree of a court of equity, the wife's right to dower is completely extinguished."

It follows, then, that the vendor's lien attaches to the land, *eo instante*, when the sale is made, as against the vendee and all who are in privity of estate with him or have notice. In this case the wife had but an inchoate contingent right, to become absolute, provided she should survive her husband. She did survive him, and her right has become absolute, but is subordinate to the vendor's lien.

If, as stated in her answer, she has already been endowed by the decree of the Probate Court of Tallahatchie county, the law furnishes the remedy for both parties.

Decree of the chancellor is affirmed, and the cause remanded, with instructions to carry the decree into effect in accordance with the principles of this decision.