PINE GROVE LUMBER CO. *v.* INTERSTATE LUMBER CO.

CONTRACT. *Construction. Extrinsic evidence. Prior negotiations.*

In a suit on a written contract which is unambiguous, where there is no question of fraud or mistake in failing to embrace in the writing the terms of the agreement between the parties, a letter from one to the other, containing stipulations not put in the contract, and being a mere step in the negotiations prior to the agreement, is inadmissible as evidence.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Action by appellant against appellee for damages because of the alleged breach of a contract to purchase lumber. The contract in question is in writing, signed by the parties, and is the one referred to in the opinion, bearing date December 2, 1892. It provides that plaintiff, as party of the first part, contracts to sell to defendant, party of the second part, "yellow pine lumber according to the orders of the said party of the second part, in quantity not to exceed the capacity of the saw-mill belonging to the party of the first part." It then gives dimensions of the lumber to be sawed, and fixes the price. The contract further stipulates that "the parties of the first part will manufacture lumber, when desired, into lengths, widths and thickness, as specified by the party of the second part, so long as the same does not interfere with the regular and advantageous cut of said mill." The contract took effect December 2, 1892, and was to continue until January 1, 1894. The declaration sets out the contract, together with a letter written by defendant to plaintiff, November 9, 1892, prior to the execution of the written agreement, the contention of plaintiff being that this letter is to be taken as a part of the contract, and that it bound defendant to take the entire output of the mill for one year. The letter does contain a proposition to that effect.

Plaintiff avers that this proposition was accepted, and that it was the intent of the parties, in putting the agreement in form, that defendant was to purchase all the lumber made by plaintiff's mill during the period stated. A letter written subsequent to the agreement was also made an exhibit to the declaration, and it was averred that, for several months, defendant received all the lumber so manufactured by plaintiff, but that, afterwards, it refused to do this, claiming the right to limit its purchases by special orders, wherefore plaintiff is damaged.

Defendant demurred, upon the ground that the written contract of December 2, 1892, was conclusive of the rights of the parties, and that, under this contract, it was not obligated to buy all the lumber manufactured by plaintiff, but that it simply had the right to make orders according to certain prices. From a judgment sustaining the demurrer and dismissing the suit, plaintiff appeals.

*Walker & Hall*, for appellants.

The parties contemplated the purchase, by defendant, of plaintiff's entire output of lumber. There is a general provision in the contract indicating this. Then follows a stipulation as to special orders. Why insert this latter, if the other provision meant the same thing? It is not to be assumed that plaintiff did the absurd thing to put itself at the mercy of defendant by making a one-sided contract. Every stipulation in the contract is to be given a meaning, if possible. Our construction does this, while that of appellee leaves nugatory one important provision. All doubt is removed when we construe the contract in the light of the attendant circumstances—the correspondence and the practical construction acted on by both parties for several months. The letters were competent evidence, not to contradict or vary the terms of the contract, but to show its true intent. 1 Greenl. Ev., §§ 277, 283, 286, 288, 289, 300; 2 Parsons on Con., 557, note E; *Ib.*, 561, 563; *Peacher* v. *Strauss*, 47 Miss., 353;

71 Miss.—60

*Bowers* v. *Andrews,* 52 *Ib.,* 596; *Shackelford* v. *Hooker,* 54 *Ib.,* 716; *Dixon* v. *Cook,* 47 *Ib.,* 220; 1 Cobbey on Chat. Mor., § 71.

*Chochran & Bozeman,* for appellee.

The contract of December 2, 1892, was full and complete. It superseded all prior negotiations. 2 Parsons on Con., p. 548; 2 Field's Lawyers' Briefs, § 127 and authorities cited; 11 Am. & Eng. Enc. L., p. 369; 12 N. Y., 561; *Odeneal* v. *Henry,* 70 Miss., 172.

The letter of November 2, 1892, was preliminary, a mere offer. Its terms we not accepted, but new terms were agreed upon and embodied in the contract. Bish. on Con., § 323; 1 Parsons on Con., p. 476; 2 *Ib.,* 548; 1 Greenl. Ev., §§ 275, 277; 9 Smed. & M., 212; 41 Miss., 616; *Money* v. *Peavy,* 70 *Ib.,* 260.

The interpretation which the parties, by their acts, have given a contract will have weight only in cases of doubt. Here the contract is plain. Bish. on Con., § 412; 1 Greenl. Ev., § 277; 35 Md., 89; 68 Me., 104.

WOODS, J., delivered the opinion of the court.

The contract of December 2, 1892, is plain and unambiguous. It is, in many particulars, unlike the proposition contained in the letter of appellee to appellant, dated November 9, 1892. The intention and agreement of the parties fully appear in the contract itself, and there is no occasion to resort to extraneous sources of information to interpret the instrument, which clearly evidences the contract made between the parties. The letter was but a step in the negotiations, as we must suppose, which ripened into the final contract.

There is no charge of fraud, or overreaching or failure to insert in the contract all the terms of the agreement, and the meaning of the contract is not hidden or doubtful.

*Affirmed.*