MAHALA E. FOLKES *v*. WALTER PRATT ET AL.

EVIDENCE. *Written contract. Parol. Fraud.*

> Fraud vitiates all contracts, and the conditions of a contract are predicated of the idea that it is an honest undertaking; hence in a suit upon a written contract, or order for goods, containing a warranty of quality upon condition that the buyer should, within too limited a time after their reception, notify the seller of any objection on account of the quality of the goods, it is competent for the defendant to show by parol that the plaintiff intentionally and fraudulently substituted inferior goods to those ordered, and that owing to the nature of the goods the time granted by the contract for their examination was unreasonably short and the condition imposed an impossible one.

FROM the circuit court of Copiah county.

HON. DAVID M. MILLER, Judge.

Walter Pratt and another, the appellees, were plaintiffs in the court below; Mrs. Folkes, the appellant, was defendant there. From a judgment in favor of the plaintiffs the defendant appealed to the supreme court.

On March 18, 1902, appellees, through their traveling salesman, sold to appellant a consignment of perfumery, toilet articles, etc.; and appellant on the same day signed a written order for the purchase, which order was the basis of this suit. The written order contained the following stipulations or warranty:

"All goods are warranted to be same in quality, material, and in all other respects as samples shown by salesman. The purchaser agrees to examine and inspect the goods at once upon their arrival at destination, and if said goods fail to comply with said warranty, he shall within five days from the date of arrival at destination give detailed written notice of such failure by registered letter to Walter Pratt, Chicago, Ill., or, otherwise, all warranty of said goods is waived. Goods cannot be returned for credit on account, except as herein provided. We deliver

all goods to purchaser by delivering them to the transportation company herein specified, purchaser to pay all transportation charges. . . . This order not subject to countermand."

The order also provided that the goods should be shipped in care of a designated railway company. It further provided that any goods contained in the order might be returned for exchange. On the day the order was given, it was wired in to appellees, and on the same day appellees delivered the goods to the railway named in the order. Plaintiffs introduced evidence to the effect that the goods shipped were of the quality ordered. Defendant offered to show that the goods purchased were not the quality of goods contemplated by the contract; that they were not the goods represented, and that plaintiffs defrauded defendant by the substitution of goods not of the quality ordered, and that complaint was made as soon as the fraud was discovered; that the character of the goods was such that five days' time is unreasonable for proper examination. This was objected to because defendant did not undertake to show that within five days from the arrival of the goods she gave written notice, as required by the written contract ordering the goods. This objection was sustained.

*M. S. McNeil,* and *Robert B. Mayes,* for appellant.

It will be seen that in the attempt to sell these articles the appellees (plaintiffs in the court below) have prepared and printed a very adroitly drawn contract, in which there is effort made on their part to so bind the purchaser as that he will be estopped from asserting that any fraud has been perpetrated upon him. We call the court's attention to these facts for the purpose of emphasizing that, in our judgment, in the very beginning it was the deliberate purpose of this concern to send down fake perfumery and bind the purchaser by a pretended delivery to the railroad company on the very day that this contract is purported to be signed and wired in by the representative; and all these preparations made by the appellees,

making ready for a purchaser, so that when they do find one they will have him so hidebound that it will be impossible for him to free himself.

We call the court's particular attention to another badge of fraud in this case, and it is this: The original telegram was called for, and it will be seen that it is dated at Crystal Springs, on March 18, 1902. It purports to be a cipher telegram, and shows on its face either to have been sent from Crystal Springs, at 4:03 P.M., or, most probably, received at Iowa City at 4:03 P.M. Yet these appellees say that they received this telegram on this date at that hour, and claim to have delivered to the railroad company after that hour, 4:03 P.M., the goods called for under this contract. This haste can prove but one thing— that it is a haste which is brought about by guilt. It is a haste for the sole purpose of perpetrating a fraud, and it is a haste to get rid of goods and to put them at the risk of a purchaser, and to do everything in their power to make it impossible for him to countermand his order, knowing that the goods are fraudulent, intending to defraud, and now in court trying to accomplish that purpose.

We cannot conceive of any other possible defense that we could have, or any other way in which we could show fraud, other than to show that the appellees had contracted to sell one article of goods by sample and had fraudulently substituted another; and yet, notwithstanding this, on the objection of counsel for appellees, the court excluded this testimony and gave a peremptory instruction for the plaintiffs in the case!

Appellant then offered to show that the goods ordered from these parties were not the goods represented, and offered to show that plaintiffs in this case defrauded the defendant by the substitution of the quality of goods not contemplated by the contract and not ordered, and that while the contract allowed five days' time to examine, not from the date of the receipt of the goods, but from the date of their arrival, that five days' is unreasonable time for an investigation of the character of

the goods. The court declined to allow this proof, and declined to allow appellant to show that there had been a substitution of the quality of the goods not contemplated by the contract and not ordered; and yet the court undertakes to hold appellant simply because the contract is in writing. In support of our contention we cite the court to *Strauss* v. *Furniture Company,* 76 Miss., 343; *Howie* v. *Platt,* 83 Miss., 15 (s.c., 35 South. Rep., 216).

*R. P. Willing, Jr.,* for appellees.

The lower court did not err in refusing to allow appellant to show by witnesses, Cox and McCluney, that the goods failed to comply with the warranty contained in the contract of sale or order of purchase. The order signed by the appellant contained the express stipulation that the purchaser agreed to examine and inspect the goods at once upon their arrival at destination, and if said goods should fail to comply with said warranty, the purchaser should, within five days from date of arrival at destination, give written notice of such failure by registered letter to appellees, at Chicago, Ill.; otherwise, all warranty of said goods is waived.

This express condition of the warranty was not complied with by the appellant, and therefore the warranty that the goods should correspond with samples shown by salesman was waived by appellant, and the court properly refused to allow testimony to show that the goods did not correspond with samples.

"The terms of the express contract of sale are to govern in all places, and the vendee's right of action for a breach of warranty does not exist until he has discharged the condition precedent imposed by such contract." 28 Am. & Eng. Ency. Law, 830; *Nichols* v. *Hail,* 4 Neb., 210; *Reynolds* v. *Roberts,* 57 Vt., 392; *Himes* v. *Keihl,* 154 Past., 190; *Hills* v. *Dannister,* 8 Cow., 31; *McCormick* v. *Basal,* 50 Iowa, 523.

"The failure to comply with reasonable conditions imposed by the contract of sale is fatal to the vendee's remedy for a

breach of the warranty, whether he attempts to exercise it by action on the warranty or by settling up the breach of warranty in defense of an action for the price of the seller." 28 Am. &. Eng. Ency. Law, 830; *Nichols* v. *Wyman,* 71 Iowa, 160; *Russell* v. *Murdock,* 79 Iowa, 101; *Furneauz* v. *Easterly,* 36 Kan., 439; *Swan* v. *Lowe,* 18 S. W., 789; *Staver* v. *Rogers,* 3 Wash., 603.

"The law is well settled that where an express warranty is upon condition, or when some duty is devolved upon the purchaser by the terms of warranty, such condition must be fulfilled or such duty performed before advantage can be taken of a breach of such warranty." *Minn. T. M. Co.* v. *Hanson,* 54 N. W., 311 (N. D.); *Nichols* v. *Knowles,* 31 Minn., 489; *King* v. *Towsley,* 64 Iowa, 75; *Worden* v. *Harvester Co.,* 11 Neb., 116; *Threshing M. Co.* v. *Vennum* (Dak.), 23 N. W., 563; *McCormick* v. *Hartman,* 53 N. W., 566; *Simmerman M. Co.* v. *Dolph* (Mich.), 62 N. W., 339; *Jones* v. *Foster* (Wis.), 30 N. W., 697.

"It is a fundamental principle of law that has never been departed from by any reasonable court, that when the obligations of an express warranty are concurrent, either party who seeks to enforce the obligations of the order must prove performance on his part, or an offer to perform." *Case T. M. Co.* v. *Vennum,* 23 N. W., 563 (Dak.); *Dunham* v. *Pattee,* 8 N. Y., 508; *Wendall* v. *Osborne,* 18 N. W., 709 (Minn.).

"If the warranty contain conditions to be observed by the vendee, he must show that the said conditions have been substantially complied with." 2 Hilliard on Contracts; *Dewey* v. *Eric,* 14 Pa. St., 211; *Bristow* v. *Tracey,* 21 Barb., 236; *Johnson* v. *Barney,* 1 Iowa, 531.

"Parties must abide by their agreement fairly entered into." *McCormick H. M. Co.* v. *Brewer,* 88 Iowa, 607; *Wendall* v. *Osborne,* 73 Iowa, 103; *Russell* v. *Murdock,* 79 Iowa, 101.

"Conditions precedent must be performed." *Barney* v. *Giles,* 11 N. E., 206 (Ill.); *Moore* v. *Campbell* (Ind.), 12 N. E., 495.

"Before the purchaser after sale can recover back the purchase price on the theory of breach of warranty and rescission, he must fully perform all conditions precedent on his part to be performed according to the terms of the warranty." *Feyfey* v. *Easterly N. M. Co.* (N. Dak.), 55 N. W., 580.

"There must be a reasonable compliance with conditions precedent in a warranty before it can be offered against the warrantor." *Worden* v. *Sycamore N. H. Co.*, 11 Neb., 116, citing *Nichols* v. *Hare*, 4 Neb., 210; *Miller* v. *Nichols*, 5 Neb., 278.

"Where a purchaser refuses to comply with his part of the contract he puts it out of his power to rescind." *McCormick N. H. Co.* v. *Brower*, 88 Iowa, 607, citing *King* v. *Towsley*, 64 Iowa, 75; *Nichols* v. *Wyman*, 71 Iowa, 160; *Bomberger W. Co.* v. *Ureimer*, 18 Iowa, 477.

"After delivery and acceptance of property the burden is on the purchaser to prove that the goods were not as warranted, and his performance of conditions precedent." *Plane M. Co.* v. *Root* (N. D.), 54 N. W., 934.

TRULY, J., delivered the opinion of the court.

The court should have permitted the appellant to prove, as she asked, that the goods received from the appellees were not of the quality represented, and that they defrauded the appellant by the substitution of a quality of goods not contemplated by the contract and not ordered, and that complaint was made just as soon as the fraud was discovered. The offer to make this proof was made in due time by the appellant, and was denied by the court on the ground, presumably, that the contract recited that, as a condition precedent to the establishing of any claim arising from a breach of warranty, the purchaser should notify the seller, within five days of the receipt of the goods, of any objection on account of failure of the goods in quality or other respect. The court overlooked the elementary proposition that fraud vitiates all contracts, and that the conditions of a contract are predicated of the idea that it is an honest un-

dertaking. So a requirement that the seller should be notified of any mistake or shortage in the goods purchased, within a reasonable stated time after the receipt thereof, would, if the contract was itself fair and honest, be conclusive. In this case, however, the appellant offered to prove that she had been defrauded by a substitution of different and inferior goods to those ordered, and that this was the result, not of mistake, but of a preconcerted design to defraud. The appellant also offered to show that, owing to the peculiar nature and character of the goods ordered, consisting of many dozen bottles of perfumes, toilet water, and boxes of face powder, and the like, the short time granted by the contract within which to make examination was unreasonable, and imposed an impossible condition, it being impracticable to examine the amount of such goods as are here involved within the limited time allowed. The court should have admitted the proffered evidence, and, if it tended to support the charge of fraud, should have allowed the jury to pass upon the case, and say whether or not the contract was carried out fairly and according to the mutual intentions of the parties, or whether it was a fraudulent scheme, devised and intended to entrap the unwary. This conclusion does no violence to the general doctrine that parol proof is inadmissible to vary the terms of a written contract, for the reason above indicated, and because of the fundamental principle of justice which protects the innocent from the fraud of the dishonest and designing.

*Reversed and remanded.*