RED SNAPPER SAUCE COMPANY v. ROBERT A. BOLLING.

[50 South. 401.]

1. EVIDENCE. *Written contract. Variation by parol. Antecedent and contemporaneous verbal agreements. Subsequent verbal modifications.*

In a suit for the breach of a written contract, antecedent or contemporaneous verbal agreements contrary to the terms of the writing cannot be proved, but subsequent oral modifications of the contract can be, where the statute of frauds is not involved.

2. BREACH OF CONTRACT. *Recoupment. Evidence.*

In a suit for the breach of a contract the defendant should be allowed, where his pleadings justify recoupment, to offer evidence showing a breach thereof by the plaintiff.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Bolling, appellee, was plaintiff in the court below; the Red Snapper Sauce Company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

In November, 1907, the defendant contracted with plaintiff to purchase produce to be grown on the latter's farm during that year. The contract was in writing and signed by both parties. In January, 1908, plaintiff brought this suit, claiming damages for the alleged violation of the written contract. On the trial of the case plaintiff offered testimony of oral agreements, which he claimed were made with him by the defendant prior to the execution of the contract. This testimony was in contradiction of the terms of the written contract, and the court excluded it from the jury. The testimony failed to show any violation of the written contract on the part of the defendant, but the court allowed the case to go to the jury, and a verdict in favor of the plaintiff was returned which the court

below refused to vacate.   Other facts are stated in the opinion of the court.

*Bramlette & Tucker,* for appellant.

*Shannon & Jones* and *E. G. Shannon,* for appellee.

.Mayes, J., delivered the opinion of the court.

The court properly excluded from the consideration of the jury all but the written contract sued on.   The appellee undertakes to show a contract partly in writing and partly verbal, entered into contemporaneously.   This violates the parol evidence rule.   Thus Bolling states in his direct examination that he claims that there was no written contract, because it was not delivered or signed, but that there was a verbal contract, agreeing that he should not be required to carry out the contract as written, and that he would not have attempted so to do.   Yet in the declaration filed the cause of action is predicated of the written contract, supplementing its agreement by certain oral agreements, which the testimony shows were entered into contemporaneously with the written contract.   Thus, on the cross-examination of Bolling, he states: "Q. You say there was no contract?   A. I said we did have a contract.   Q. Didn't you say that the contract was never delivered?   A. Yes, sir; it was delivered.   Q. Didn't you say a while ago that it had never been delivered?   A. I said that Hines and I had a verbal contract about the written contract.   The written contract was delivered.   Q. The verbal contract was, then, a part of the written contract before it was delivered?   A. Yes, sir."

Until delivered and accepted there was no written contract, and when delivered and accepted the written contract became necessarily the sole repository of all the terms of the agreement up to that time, excluding all prior negotiations or contemporaneous oral agreements; and all testimony relating to the oral agreement, which varied or changed in any way the terms of

the written contract, was and should have been excluded by the court. When this was done, there was no testimony left on which to predicate any recovery against appellant by appellee. This case is not a case where there has been a subsequent oral modification of a written contract, not required by law to be in writing. Of course, this may be done.

The record in this case is a very confusing one, but its confusion arises from the fact that there is an attempt to ingraft on a contract which the parties have volunarily reduced to writing other and different oral agreements, varying and adding to its terms and made contemporaneously with the delivery of the written contract; and this cannot be done without doing violence to the parol evidence rule, and bringing into the contract those very uncertainties which it is the design of the rule to eliminate, and out of which grew the wholesome rule under consideration.

We may also add that the court below erred in refusing to allow appellant to show that it had sustained damage by reason of the failure of appellee to fulfill the contract, and to recoup same in this suit.

*Reversed and remanded.*