J. A. FAY & EGAN Co. *v.* LOUIS COHN & BROS.

(Division A.  Oct. 20, 1930.)

[130 So. 290.  No. 28811.]

Brady, **Dean** & **Hobbs,** of Brookhaven, for appellant.

**May, Sanders, McLaurin & Byrd,** of Jackson, for appellant.

**P. Z. & R. L. Jones,** of Brookhaven, for appellees.

R. H. & J. H. Thompson, of Jackson, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellants filed their bill against appellees in the chancery court of Lincoln county, seeking foreclosure of a purchase-money lien against a planer, matcher, and molder purchased by appellees from appellants, and a personal judgment over if the machine failed to sell for a sufficient amount to pay the balance of the purchase money. Appellees answered the bill, and made their answer a cross-bill, charging that the contract and notes which were the basis of the suit were procured by appellants through false and fraudulent representations, and asked for a judgment for the amount of the installments already paid on the machine by appellees, together with damages, and the cancellation of the notes and contract sued on. There was a trial on original bill, answer, and cross-bill of appellees, appellants' answer to the cross-bill and proofs, resulting in a final decree canceling the notes and contract, and requiring appellants to pay to appellees the amount paid by the latter on the machine, together with interest; but denied special damages. From that decree appellants prosecute this appeal.

In its decree the court found as a fact that the contract and notes evidencing the purchase of the planer by appellees were procured by false and fraudulent representations of appellants. Appellees made a cash payment on the purchase price of the planer, and, as provided in the contract, gave their notes for the balance in three equal installments, due in three, six, and nine months. Two of the notes were paid; the last one due remained unpaid.

The contract evidencing the transaction provided, among other things, that, in case of rejection, "the undersigned (Louis Cohn & Brothers) would promptly de-

liver the planer to the consignor, f. o. b. Cincinnati; that a retention of the property bought after thirty days from arrival at destination, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and a fulfillment of all its contracts of warranty, express or implied; and that this contract shall not be modified or added to by any agreement not expressly stated herein.''

Appellants contend, in the first place, that no fraud is shown; and, in the second place, that, if fraud was shown, appellees were estopped from setting it up by the thirty-day trial and acceptance provision in the contract above set out, appellees having retained the machine after the thirty-day period.

We think there was sufficient evidence to sustain the chancellor's finding that the purchase-money contract and notes were procured by the false and fraudulent representations of appellants. The chancellor found substantially the following facts: Appellees wanted a planer to operate in connection with their portable sawmill, but knew nothing about such machines. Appellants were engaged in selling such machines, and represented to appellees that they knew and had what they needed. Appellees were acting in good faith throughout, and upon the ''continued representations of appellants that if properly handled the planer would do the work for which appellees wanted it.'' Appellants induced appellees to change operators of the planer from time to time and otherwise experiment with it. Upon appellees' advice finally an operator of planers of forty years' experience tried out the machine, and advised appellees that it was too frail and light to render the service for which it was sold, and which appellants represented that it would perform. This expert made a personal examination and test of the machine for several days. He and others testified that it would not do the work for which it was sold. The representative of appellants went out to the mill, and

examined the planer, and afterwards admitted that it was not suitable for use in connection with a portable sawmill. After appellees purchased the machine, appellants on receiving numerous complaints from time to time that it would not do the work, continued to represent to them that it would do the work, and insisted that the trouble must be with the operator. Appellees changed operators, and tried in other respects to carry out the suggestions and instructions of appellants. These representations and inducements by appellants were carried on long after the thirty-day trial and acceptance period had expired. The court expressly found in its decree that appellees acted in perfect good faith, while appellants induced the appellees to purchase the machine through false and fraudulent representations in reference to its performance, and that the machine "was utterly worthless and useless for the purpose for which it was sold."

Fraud vitiates everything it enters into. The contract and notes which were the basis of this suit, having been procured by fraud, are void in all of their provisions—the fraud permeated the whole transaction. Every provision of the contract evidencing the transaction was avoided by the fraud, and this, of course, included the thirty-day trial and acceptance provision of the contract. Wren v. Hoffman, 41 Miss. 616; Davis v. Heard, 44 Miss. 50; Insurance Co. v. Antram, 86 Miss. 224, 38 So. 626; Folkes v. Pratt, 86 Miss. 254, 38 So. 224; Henry v. Rawleigh Co., 152 Miss. 320, 120 So. 188.

Where goods are purchased on material representations of the seller, and not upon the purchaser's own judgment, and the representations are false, and induced the purchaser to make the bargain, the contract cannot stand, regardless of whether the seller had an actual fraudulent intent or not. Putting it differently, if the seller makes material representations of fact without knowing whether they are true or false, this is fraud

in law, and the seller must make his statement good. Hall v. Thompson, 1 Smedes & M. 443; Oswald v. Mc-Gehee, 28 Miss. 340; Rimer v. Dugan, 39 Miss. 483, 77 Am. Dec. 687; Lindsey v. Lindsey, 34 Miss. 432; Alexander v. Meek, 132 Miss. 298, 96 So. 101.

The thirty-day trial and acceptance provision in the contract go down with the balance of the contract; appellants' fraud was as fatal to that as to the other provisions of the contract. Where the execution of a contract is procured by fraud, the party is not bound by a clause therein precluding him from setting up fraud within a reasonable time. 13 C. J. 394, 395. And, furthermore, appellants by their course of conduct waived this provision in the contract.

After following out appellants' suggestions from time to time as to how the machine could be made to do the work for which it was intended, appellees were finally convinced that the machine was utterly unfit and incapacitated for the purposes for which it was purchased, and thereupon wrote appellants, rescinding the contract, and stating that they held the machine subject to appellants' order. The contract provided that, if appellees rejected the machine, they would promptly deliver it to appellants f. o. b. Cincinnati, Ohio. Appellees did not so deliver the machine because they were notified by appellants that the latter would not agree to a rescission of the contract, and declined to accept the machine back. Appellees, therefore, were not required to do the vain and useless thing of shipping the machine back to Cincinnati to appellants, when the latter had notified appellees that they would not accept it.

Affirmed.