COLUMBIAN MUT. LIFE INS. CO. *v.* HARRISON.

(Division B.   May 14, 1934.)

[154 So. 722.   No. 31253.]

**J. Morgan Stevens**, of Jackson, and **J. K. Gillis**, of Philadelphia, for appellant.

**J. B. Hillman**, of Philadelphia, for appellee.

Argued orally by **J. Morgan Stevens**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Appellee, as administrator of the estate of Ethel Mae

Long, deceased, brought this action in the circuit court of Neshoba county to recover one thousand dollars face value of a life insurance policy held by the deceased in appellant company. The court directed a verdict for appellee, judgment was accordingly entered, from which judgment appellant prosecutes this appeal.

The propriety of the directed verdict for appellee turns on the question whether or not the court erred in sustaining appellee's demurrer to appellant's special plea. A copy of the policy of insurance sued on and a photostatic copy of the application therefor were attached as exhibits to the declaration. By the terms of each, the application was made a part of the contract of insurance. The policy was issued on the 5th day of January, 1933. The insured died on the 13th of the same month from an attack of asthma.

Appellant's special plea set up as a defense that the insured in her application made false and fraudulent representations concerning her health, in that she stated that she had asthma for only a few hours at a time and had not had the services of a physician in her ailment, when in truth and in fact she had asthma in its worst form and had physicians attending and treating her therefor on several occasions; that she knew these facts at the time of answering the questions in her application, and her purpose was to defraud appellant; that she knew if she answered these questions truthfully the policy would not have been issued to her; and that by reason of such false representations the contract is void.

The ground of appellee's demurrer to the plea was, in substance, that the plea itself, considered in connection with the application, showed that no fraud was practiced upon appellant. The pertinent questions and answers in the application are as follows:

"6. Have you ever had or been treated for: 6. Yes or no."

"B. Shortness of Breath, Chronic Cough, Spitting of blood, Asthma? B. Yes.

"Give name, history, date and duration of each disease or symptoms. Asthma at times."

"K. Have you given full information about each disease or symptom mentioned above which you have ever had or been treated for? K. Yes."

"9. Describe fully any sickness, disease, accident or injury you have had since childhood:

| Nature of illness | Date | Duration | Result |
|---|---|---|---|
| Asthma | Occasionally | Few Hours | ———— |

Physician's Name and Address.

Has none."

The application is to be treated as a part of the plea, and, where there is a conflict between them, the application is to control. It will be observed from the questions and answers that the insured stated that she had had asthma a few hours at times and had been treated for it, but that she had no physician then. She was asked no question that would call for an answer that she had had asthma in the worst form. We think these questions and answers in the application were sufficient to put appellant on notice and inquiry as to the seriousness of the insured's ailment, and as to the name or names of the physician or physicians by whom she had been treated. Her answer that she had no physician when the application was made did not mean that she had had none before.

Fraud must be proven by a preponderance of the evidence. If appellant had proven the allegations of its special plea as limited by the application, this requirement of the law would not have been met.

Affirmed.