GRENADA AUTO Co. *et al. v.* WALDROP *et al.*

(Division A. April 22, 1940. Suggestion of Error Overruled May 6, 1940.)

[195 So. 491. No. 34125.]

S. C. Mims, Jr., of Grenada, for appellants.

**Cowles Horton,** of Grenada, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant, Commercial Credit Company, a corporation, filed its bill against appellees in the Chancery Court of Grenada County to enforce a purchase-money note and conditional sales contract against a refrigerator in possession of appellees. The cause was heard on bill, answer, and cross-bill, and oral documentary evidence, resulting in a decree in favor of appellees dismissing the cause. From that decree, both Grenada Auto Company

and the Commercial Credit Company prosecute this appeal.

Mrs. Waldrop and her sister, Mrs. Claughton, operated, in the City of Grenada, a restaurant, under the trade-name of Belmont Cafe, in which they used a refrigerator. The one they had in use was unsatisfactory. The Grenada Auto Company is a corporation. J. Neely is the president, T. E. Neely secretary and treasurer, and both stockholders and directors in the company. Mrs. Waldrop made known to T. E. Neely that the refrigerator she had was unsatisfactory and that she wanted to purchase another one. He sold her the one involved, which, at the time, was in Memphis, Tennessee. The price agreed upon was $390, $40 of which was paid in cash, the balance to be paid in equal monthly instalments. At the time of the delivery and installation of the refrigerator, appellees executed to the Auto Company their promissory note for the deferred instalments and also a conditional sales contract in which the title to the refrigerator was reserved in the Auto Company until all payments were made. The Auto Company thereupon sold and transferred to the Commercial Credit Company the note and contract. The appellees made default in payment of the instalments. The Commercial Company then filed its bill to enforce payment. In their answer and cross-bill, the appellees do not set up definitely that they relied on fraud or mutual mistake in the procurement of the note and contract, but it appears that the evidence was addressed to one or both of those defenses. It developed in the trial that although the Credit Company owned the note and contract, the Auto Company was keeping the monthly instalments paid up. On the application of appellees, the Auto Company joined the Credit Company as complainant. This was done by order of the court, which action of the court is assigned and argued as one of the errors.

In the conditional sales contract, the refrigerator was described as: "D 2685 Blue-Flash Beverage Cooler;

Brunswick-Balke-Collender Co., Chicago, Ill. $390.00."
The contract contains these provisions: "This contract
constitutes the entire agreement; no waivers or modifica-
tions shall be valid unless written upon or attached here-
to", and "all promises, verbal understandings, or agree-
ments of any kind pertaining to this purchase not
specified herein are hereby expressly waived."

T. E. Neely, for appellants, testified that Mrs. Waldrop
informed him that she wanted to purchase another re-
frigerator; that the one she had was too small; that he
thereupon showed her a catalogue describing a refriger-
ator which he thought would suit her. This refrigerator
was in Memphis. The catalogue did not state the ca-
pacity of the refrigerator nor whether it was a dry re-
frigerator or a wet one. He testified that he offered to
take Mrs. Waldrop to Memphis and show her the refrig-
erator so that she could determine for herself whether
or not it was what she wanted; that she declined to go
but agreed to purchase it relying on the description in
the catalogue and what he said about it. That thereupon
he ordered the refrigerator which in due time came and
was delivered to appellees and set up and put in operation
by him. The evidence was indefinite as to what a dry
refrigerator was and what a wet refrigerator was. Neely
testified that the one he sold appellee as both wet and
dry and was of the capacity wanted. The evidence on
behalf of appellees was to the effect that Mrs. Waldrop
told Neely that she wanted a dry refrigerator of a cer-
tain capacity; that he represented the one he was selling
her as what she wanted; that although she saw the cata-
logue she did not read it; that she relied alone on the
representation made by Neely; that when the refrigera-
tor came and was installed she found out in a few days
that it was not a dry refrigerator and was not of the
capacity she wanted; that after using it about three
weeks she discarded it, tendered it back to the Auto
Company, and purchased another. The evidence showed
that the Auto Company refused the tender and stood

upon the contract. We are of opinion that the evidence taken most strongly for appellees was insufficient to show that either fraud or mutual mistake entered into and brought about the execution of the note and contract. Where parties enter into a written contract, their rights must be controlled thereby, in the absence of fraud or mutual mistake. All evidence of contemporaneous oral agreements and representations varying, modifying, or controlling the written agreement is inadmissible. Kerr v. Calvit, Walk. 115, 1 Miss. 115, 12 Am. Dec. 537; Morgan v. Reading, 3 S. & M. 366, 11 Miss. 366; Herndon v. Henderson, 41 Miss. 584; Kerr v. Kuykendall, 44 Miss. 137; Pinegrove Lumber Co. v. Interstate Lumber Co., 71 Miss. 944, 15 So. 105; Cocke v. Bailey, 42 Miss. 81; Thigpen v. Railroad Co., 32 Miss. 347.

Negotiations and conversations leading up to a written contract are merged therein and evidence of such a conversation is inadmissible to contradict the contract. Red Snapper Sauce Co. v. Bolling, 95 Miss. 752, 50 So. 401; Goff v. Jacobs, 164 Miss. 817, 145 So. 728.

Appellees' reliance appears to have been principally upon the ground of fraud in the procurement of the contract. A party charging fraud must prove it by evidence which is clear and convincing. Carter v. Eastman-Gardner & Co., 95 Miss. 651, 48 So. 615; Metropolitan Life Ins. Co. v. Hall, 152 Miss. 413, 118 So. 826; Dowling v. Whites Lumber & Supply Co., 170 Miss. 267, 154 So. 703; Columbian Mutual Life Ins. Co. v. Harrison, 170 Miss. 121, 154 So. 722. The evidence in this case falls far short of that requirement. It shows that appellees were not without experience in the use of refrigerators. They saw the refrigerator when it came; permitted it to be set up and put in use, and used it for something like three weeks. Why they did not know that it was not what they wanted and refuse to accept it is unexplained.

The action of the court in requiring the Auto Company to be made a party complainant was without preju-

dice to either the Auto Company or the Credit Company. It is therefore unnecessary to pass on whether the court erred in so doing or not.

Reversed and remanded.