**HODGE et al. v. INTERNATIONAL DER-RICK & EQUIPMENT CO.**

**No. 12189.**

Circuit Court of Appeals, Fifth Circuit.

May 19, 1948.

M. M. McGowan, of Jackson, Miss., for appellants.

E. R. Holmes, Jr., of Jackson, Miss., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Plaintiff, International Derrick and Equipment Company, brought this suit against T. F. Hodge, and four other named defendants, to collect a balance of $3,851.-44, plus interest, alleged to be due from them on an open account.

Defendants, in answer, admitted the correctness of the account as to both itemiza-

tion and price, with the later exception of four items valued at $703.24, but averred by way of defense that the equipment bought from plaintiff, and for which the amount claimed was due, was unsuited for the purpose for which it was manufactured, held out and sold; that it was wholly defective therein, and failed to perform the work for which it was intended and bought. Defendants counterclaimed in the amount of $1,178.82 for an alleged overpayment, and for the further sum of $8,000, which latter expense was alleged to have been incurred for breakage and repairs in attempting to utilize the equipment sold to them by plaintiff.

The case was tried by the court without a jury, whereupon judgment was rendered for plaintiff against four of the five defendants, in the full amount sued for, and defendants' cross-complaint was dismissed. From the adverse judgment, defendants bring this appeal.

Appellants contend (1) the court erred in awarding plaintiff judgment when the proof showed the equipment bought was wholly unsuited for the purpose for which it was manufactured, held out and sold; (2) that because of misrepresentations which induced their purchase they were entitled to rescind their contract to buy the defective equipment; (3) that, regardless of whether plaintiff warranted the equipment as serviceable for the purpose intended, they were entitled to rescind their purchase because of an implied warranty; (4) that, in any event, the extent of plaintiff's recovery could only be the difference between the sales price and the actual value of the pumps; and (5) the court erred in granting judgment for plaintiff when the proof showed there was no actual acceptance of the equipment.

It was shown that plaintiff, an Ohio Corporation, is a supply house supplying and delivering materials and equipment to oil field operators in the various oil fields throughout the country. Lamtex Equipment Corporation is a manufacturer of certain types of oil pumps and other oil field equipment, and sells its equipment to oil operators through plaintiff, and similar supply houses.

The defendants, in 1943, were partners engaged in drilling a certain oil lease in the Tinsley area of Yazoo County, Mississippi. During the process of its development, defendants had drilled a certain piece of property on the east of the field, known as Sorrel's Lease. When the wells were brought in they at first yielded large quantities of oil, but after being in production a year or two, they began making a considerable amount of salt water. It later became necessary to put the wells on a pump, as they would not flow of their own pressure. During the summer of 1943, the four wells on the defendants' lease were producing about ninety percent water and ten percent oil with the aid of the ordinary and conventional type pump then being used by defendants. About this time a representative of the Lamtex Equipment Corporation convinced one of defendants' authorized representatives that Lamtex manufactured a new type pump which would enable defendants to produce more oil from their wells. It was agreed between them that Lamtex Corporation would install one of these new pumps on defendants' lease to determine whether it would produce more oil or not. Accordingly, the Lamtex representatives and employees installed the test pump and operated it for about a month, with the knowledge of defendants, during which time it is without dispute that the pump failed to give satisfactory service, or perform the job for which it was installed. While this test pump was in operation, one Mr. Gholson, an agent of defendants, was approached by a Mr. Ackman, a representative of plaintiff, and asked if he intended purchasing some of the pumps for further use of the defendants. When Gholson replied in the affirmative, Ackman suggested that defendants purchase them through plaintiff, since the pumps could not be sold direct from the Lamtex Corporation, the manufacturer. Gholson agreed to purchase several of these pumps through the plaintiff at this time, even though he was then aware that the test pump was not performing as claimed or desired. Although there was evidence that Gholson at this time relied upon representations and advice from the representatives of the Lamtex

Corporation that the pumps could be made serviceable and efficient, there was no evidence that plaintiff or its agents made any representations concerning their performance to Gholson, which induced him to place the additional order. Plaintiff simply retailed them on a purchase order to defendants, since the Lamtex Corporation did not sell them direct. Defendants never relied upon any representations by plaintiff or its agents, but only upon representations by representatives of the Lamtex Corporation and advice from their own engineer that the pumps could be rendered serviceable. While the pumps were being used, and in an effort to make them operate so as to reduce the salt water output from the wells, these Lamtex representatives represented to defendants that with a different type pump barrel, they thought better results could be obtained. They agreed that if the new type barrels were substituted they would credit defendants for the return of the old pump barrels. The value of these additional barrels was $703.24, which sum constitutes the amount of the disagreement between plaintiff and defendants as to the balance of the account. It was shown that the Lamtex Corporation had accepted return of the old barrels, but did not give defendants credit for them.

It is without dispute that the pumps never gave satisfactory service, and that the wells were later closed down and abandoned because oil could no longer be produced. Some time later, Mr. Gholson requested plaintiff to make some kind of adjustment on their account because of the defective equipment, and plaintiff thereupon called in the representatives of the manfacturer, Lamtex Corporation, to see if they would agree to an adjustment. They declined to accept a return of the pumps, or to make any adjustment on account thereof; as a result, plaintiff made no adjustment of their account with defendants.

■ We are of opinion the evidence fully supports the conclusion of the trial court that plaintiff was guilty of no fraud or false representations which induced a sale of the defective pumps to the defendants, and upon which they relied, that would entitle defendants to rescind their purchase. Cf. Fay & Egan Co. v. Louis

Cohn & Bros., 158 Miss. 733, 130 So. 290; Magee Laundry & Cleaners v. Harwell Appliance Co., 184 Miss. 435, 185 So. 571.

■ Appellants' contention that the defective pumps were sold by the plaintiff as an agent for the Lamtex Corporation is not borne out by the evidence. The proof shows no substantial connection between appellee and the Lamtex Corporation which would justify holding appellee responsible for the alleged representations made by the Lamtex employees. Appellee was not the manufacturer of the pumps and admittedly did not approach defendants concerning the sale of them until defendants had tried them on the wells, and even though they were proving defective and unsatisfactory, had decided to order three more. In view of the facts, we do not consider the authorities cited by appellant in conflict with our holding that no right of rescission exists as against appellee on this ground. Cf. Grenada Auto Co. v. Waldrop, 188 Miss. 468, 195 So. 491; Mobile Auto Co. v. Sturges, 107 Miss. 848, 66 So. 205; Fay & Egan v. Cohn & Bros., 158 Miss. 733, 130 So. 290; Magee Laundry & Cleaners v. Harwell Appliance Co., 184 Miss. 435, 185 So. 571.

■ The defective pumps having been retained and used by defendants far beyond the trial period, and actually purchased through plaintiff, there was a sufficient acceptance to constitute the completion of the sale. Furthermore, there was no tender or offer to return the pumps within a reasonable time which might justify a rescission of the purchase. It was shown that the defendants kept the pumps for over a year, spending most of that time trying to make them work properly; that during this period there was no offer to return them; to the contrary, defendants admitted the balance owed for the pumps, and manifested their intention and desire to pay for them in several letters to plaintiff concerning their account. One of Mr. Gholson's letters at this time revealed that he had even sold some of the equipment in question. Such actions constitute sufficient proof of acceptance, both express and implied. Stillwell v. Biloxi Canning Co., 79 Miss. 779, 29 So. 513; Harnischfeger Sales Corporation v. Sternberg Dredging Com-

pany, 189 Miss. 73, 195 So. 322, 323; 55 C.J., Sales, Sec. 491, pg. 659.

We consider it unnecessary to pass upon the other questions presented, or to speculate as to what recourse might be available to appellants as against the Lamtex Corporation.

There being no reversible error in the record, the judgment appealed from is affirmed.