THOMAS *v.* MISSISSIPPI VALLEY GAS CO., et al.

No. 41090          July 2, 1959          113 So. 2d 535

*Farish, Keady & Campbell,* Greenville, for appellant.

*Wynn, Hafter, Lake & Tindall,* Greenville; *Wright, Overstreet, Kuykendall & Perry,* Jackson, for appellees, Mississippi Valley Gas Company.

102

*Crisler, Crisler & Bowling,* Jackson, for appellee, A-T-M Gas Equipment Company, Inc.

*Holland O. Felts; Webb & Webb,* Greenville, for appellee, The Weatherbuster Corporation.

HOLMES, J.

The appellant, Allen Thomas, as plaintiff below, brought this action in tort in the Circuit Court of Washington County against the Mississippi Valley Gas Company, A-T-M Gas Equipment Company, Inc., and the Weatherbuster Corporation, seeking the recovery of damages for an alleged misrepresentation claimed to have been made by the appellees, as to the quality and fitness and operative efficiency of certain gas airconditioning units known as Weatherbusters purchased by the appellant. It is alleged in the declaration that the Mississippi Valley Gas Company and A-T-M Gas Equipment Company, Inc., are Mississippi corporations, and that The Weatherbuster Corporation is a foreign corporation not qualified to do business in the State of Mississippi, but

doing business therein, and that said foreign corporation thereby under the provisions of Section 1437 of Volume 2 Recompiled, Mississippi Code of 1942, is deemed to have appointed the Secretary of State of the State of Mississippi as its lawful attorney or agent for process, and to have rendered itself amenable to the jurisdiction of the courts of Mississippi.

It is charged in the declaration that the defendants negligently and carelessly made the aforesaid misrepresentations with respect to said airconditioning units, knowing that they were untrue, or recklessly made them without regard to their truth or falsity. The appellant denominates his suit as an action at law for fraud and deceit.

The defendants, Mississippi Valley Gas Company and A-T-M Gas Equipment Company, Inc., filed their answers to the declaration denying the material allegations thereof.

The Weatherbuster Corporation, appearing in the suit solely for the purpose of objecting to the jurisdiction of the court, filed a motion to dismiss the suit as to it upon the grounds that it was not doing business in the State of Mississippi within the purview of the aforesaid Code Section 1437. A hearing was had on this motion and at the conclusion thereof, the court sustained the motion and dismissed the suit as to The Weatherbuster Corporation, and the suit proceeded as against the Mississippi Valley Gas Company and the A-T-M Gas Equipment Company, Inc.

At the close of the plaintiff's evidence, the remaining defendants moved the court to exclude the evidence offered on behalf of the plaintiff and to direct a verdict for the said defendants, and this motion was sustained. Judgment was entered dismissing the suit of the plaintiff, and from the action of the trial court, the appellant prosecutes this appeal.

The appellant assigns as error the action of the trial court in sustaining the motion of the Weatherbuster Corporation to dismiss the suit as to it for want of jurisdiction, and the action of the trial court in sustaining the motion of the remaining defendants made at the close of the plaintiff's evidence to exclude the evidence for the plaintiff and direct a verdict for the remaining defendants, Mississippi Valley Gas Company and the A-T-M Gas Equipment Company, Inc.

The facts essential to the decision of the questions presented on this appeal are not in substantial dispute. In the summer of the year 1955, the appellant, Allen Thomas, was engaged in the construction of a series of buildings to compose a shopping center in the City of Greenville, Mississippi. The appellant hired as his architect a Mr. Norwood of the firm of Hall and Norwood. Mr. Norwood prepared the plans and specifications for the project. The appellant employed no contractor but employed a superintendent to supervise the construction. The plans prepared by Mr. Norwood provided for the installation of electrical airconditioning units. Before the installation of these units, however, Mr. Norwood, the architect, called the appellant's attention to a gas airconditioning unit on display at the place of business of Mississippi Valley Gas Company in Jackson, Mississippi, and suggested that it might be advisable to investigate the gas airconditioning units. Accordingly, the Mississippi Valley Gas Company in Jackson was contacted, and a Mr. Broad, the salesmanager and vice president of said company, called on the appellant in Greenville and discussed the feasibility and the general efficiency and quality of Weatherbuster gas airconditioning units. Later, Mr. Broad brought to Greenville a Mr. Vernon, the president of A-T-M Gas Equipment Company, Inc., to discuss with the appellant the Weatherbuster gas airconditioning units.

It developed that the A-T-M Gas Equipment Company, Inc., was an authorized dealer of The Weather-

buster Corporation in the City of Greenville. In these several conversations with the appellant and his architect, Mr. Norwood, it was represented, as claimed by the appellant, that the Weatherbuster airconditioning unit would perform as well or better than any electrical airconditioning units. Nevertheless, the proof shows that the appellant and his architect did not at first rely upon the representations claimed to have been made by the Mississippi Valley Gas Company and the A-T-M Gas Equipment Company, Inc., but they went to Camden, Arkansas, where the plant of The Weatherbuster Corporation is located, for the purpose of investigating firsthand the Weatherbuster gas airconditioning units. They met there Mr. Wood, the president of The Weatherbuster Corporation, who showed them over the plant and gave them full information with reference to the Weatherbuster airconditioning units which were being manufactured by The Weatherbuster Corporation in Camden, Arkansas.

They returned to Greenville, and shortly thereafter, the appellant contacted the Mississippi Valley Gas Company, through Mr. Broad, and told Mr. Broad that he had been informed by someone connected with the Mississippi Power and Light Company that the Weatherbuster gas airconditioning units were giving trouble. This displeased Mr. Broad, and Mr. Broad told the appellant that he would investigate the rumor. He came back to the appellant in about three hours and said that he had investigated the rumor and that it was not correct, and that if the Weatherbuster airconditioning unit gave him any trouble, to contact him. According to the testimony of the appellant, he then bought two Weatherbuster gas airconditioning units from the dealer, A-T-M Gas Equipment Company, Inc., for installation in the buildings composing the shopping center. This purchase was made in June, 1955. The A-T-M Gas Equipment Company, according to the testimony of the appellant,

agreed orally to service the units for a period of one year. This agreement, however, was not incorporated in the written warranty, which written warranty applied to the replacement or correction of defective parts and material. The Mississippi Valley Gas Company was not a party to the contract whereby the A-T-M Gas Equipment Company, Inc. sold the units to the appellant. The proof showed, however, that the salesmanager of the Mississippi Valley Gas Company told the appellant that his company would service the units if A-T-M Gas Equipment Company, Inc., failed to do so.

The two units were installed in the shopping center in the summer of 1955. Thereafter complaints were made by the appellant to the dealer and to The Weatherbuster Corporation relative to the performance of the units. The Weatherbuster Corporation considered no complaints unless the same came through one of the corporation's authorized dealers. Such complaints were communicated by the A-T-M Gas Equipment Company, Inc., to The Weatherbuster Corporation, and Mr. Wood, the president of The Weatherbuster Corporation, came to Mississippi in person to investigate the complaints and to undertake to remedy the same, and made several trips for this purpose, bringing with him at times his service engineer. According to the testimony of the appellant, the units continued to give trouble, nevertheless, about a little over a year later, in the summer or early fall of the year 1956, Hoff and Gaudett, at the suggestion of the appellant, obtained appointment as an authorized dealer in the Weatherbuster units in Greenville, Mississippi. Hoff and Gaudett were engaged in the sale of airconditioning systems and equipment. As dealers they purchased from The Weatherbuster Corporation two of the Weatherbuster units and the appellant bought these two units from Hoff and Gaudett, this notwithstanding the fact that the appellant claimed that the units were operating unsatifactorily. The Mississippi Valley Gas

Company and the A-T-M Gas Equipment Company, Inc., had no connection with the transaction whereby Hoff and Gaudett sold the two additional units to the appellant. The Weatherbuster Corporation is a non-resident corporation organized under the laws of the State of Arkansas, with its principal office and plant in Camden, Arkansas. It has never done any business in Mississippi, and has never had any agent of any kind in Mississippi, and has never transacted or negotiated any sales of its products in the State of Mississippi. It has never had any banking facilities in the State of Mississippi. Its products, that is to say, the Weatherbuster units, were sold on either written or telephone orders sent to the corporation in Camden and there received, such sales being to authorized dealers only, and shipments of the units being made f.o.b. Camden, Arkansas.

After the purchase by appellant of the first two units, appellant complained relative to the unsatifactory service of the units and also made similar complaints with reference to the two units later purchased by him from Hoff and Gaudett. No offer was made to return the units, however, but in the year 1957 the appellant employed an attorney and he communicated with the Mississippi Valley Gas Company, the A-T-M Gas Equipment Company, Inc., and The Weatherbuster Corporation, complaining with reference to the claimed unsatisfactory service given by the units, and finally the attorney for the appellant notified the Mississippi Valley Gas Company, the A-T-M Gas Equipment Company, Inc., and the Weatherbuster Corporation that he was removing the units from his buildings and installing therein electrically operated units, and he did remove the same and set them out in the open behind one of his buildings in the shopping center.

The claimed cause of action of the appellant in this suit for fraud and deceit is founded upon the claimed representations made to him by the several defendants

to the effect that the Weatherbuster gas airconditioning units would perform as well or better than any electrically operated airconditioning unit. The appellant contends that this representation was false and the same was made by the defendants recklessly and without regard as to its truth of falsity, and that it was relied upon by the appellant, and that the defendants to the suit had thereby become obligated to him for damages as a result of such false representations. It is therefore contended by the appellant that the court erred in sustaining the motion to exclude at the close of the plaintiff's testimony and in directing a verdict for the defendants.

The court below, in sustaining this motion, assigned as his reasons therefor that the appellant had not relied upon the claimed misrepresentations, but had conducted an independent investigation as to the feasibility, efficiency and general quality of the units, and, therefore, would not be permitted to recover for the alleged misrepresentations. ■■ We think, however, that the suit of the appellant as against any of the parties originally named as defendants in this action cannot be maintained for the reason that the claimed misrepresentations are not of a nature to amount to actionable misrepresentations, and that even if the trial judge assigned erroneous reasons for his conclusion, which we do not decide, he reached the right result, and, therefore, his action should be affirmed. Carney, et al. v. Anderson, et al., 214 Miss. 504, 58 So. 2d 13; State v. Board of Supervisors of Prentiss County, 105 So. 2d 154. ■■ In our opinion, the so-called misrepresentations were words of general commendation of the units offered for sale and were not such as to constitute actionable misrepresentations. The representations relied upon, as the appellant claims, were to the effect that The Weatherbuster units were as good or better, or would perform as well or better, than any electrically operated airconditioning units. These were mere commendations of the article offered for sale and

amounted to nothing more than assertions of opinion, and were not such as to impose legal liability upon the defendants. In 23 Am. Jur., Fraud and Deceit, Section 33, page 791, it is said: "It is a broad generalization usually observed in cases involving issues of fraud attempted to be predicated thereon that commendatory language is not construed as importing a representation upon which a charge of fraud may be based. Applying this principle to the factual business transaction in which the question most often arises, the rule is well settled that mere general commendations of property sought to be sold, commonly known as 'trade talk,' ' dealer's talk,' 'seller's statement,' or 'puffing,' do not amount to actionable misrepresentations where the parties deal at arm's length and have equal means of information and are equally qualified to judge of the value of the property sold. To such statements the maxim of 'caveat emptor' applies."

Further in support of this view is the case of Bullard v. Citizens' National Bank, 173 Miss. 450, 160 So. 280, wherein it was said:

"In the fall of 1929, appellant, a widow of little or no business experience, had on deposit in bank $8,000, the proceeds of insurance, which she desired to invest in 6 per cent. bonds. She enlisted the assistance of her family physician who, in turn, got in touch with the officer of appellee bank in charge of its bond department. The physician disclosed to the bank officer that neither he nor appellant had any knowledge or experience in bonds or in the purchase thereof, and that they would have to depend upon the banker and in the trust that he would offer and sell to appellant only first-class securities in which the chance of ultimate loss would be reduced to the least practicable possibility.

"The bank officer suggested, and placed before the physician bonds to be selected out of the issues hereinafter named; assured the physician that they were

gilt-edged and as good as gold, and that their ultimate payment was guaranteed by surety companies of large resources, well known in the business world for their solvency and general dependability."

In that case it developed that the representations with respect to securing the bonds were false, and suit was brought for resulting damages. The court further said in its opinion: "The bank defended by a denial that the stated representations were made by its officer, and defended further by the contention that even if the alleged representations were made they were assertions of opinion only which would impose no legal liability upon the bank. *As to the representation that the bonds were gilt-edged and as good as gold we think the contention of the bank is well taken."* (Emphasis ours).

In our opinion, the representations complained of in the Bullard case, supra, to the effect that the bonds were "gilt-edged and as good as gold" were much stronger than are the representations complained of in the case at bar. It is our conclusion, therefore, that the trial judge was correct in sustaining the motion to exclude and in directing a verdict for the defendants.

It is also contended by the appellant that the court erred in sustaining a motion of The Weatherbuster Corporation to dismiss the suit as against it for want of jurisdiction. We think that it is not necessary for us to deal with this question in view of our conclusion that the representations complained of were not such as to be actionable. The appellant has asserted a right of action predicated upon negligence in the making of the claimed representations as against all of the original defendants to the suit, which includes the Weatherbuster Corporation. Had the motion of The Weatherbuster Corporation not been sustained and The Weatherbuster Corporation had remained in the suit, the dismissal of the suit as against it, as well as the other defendants, would have necessarily followed for the reason that under the

facts of the case no cause of action in tort upon the grounds of negligence is maintainable against any of the parties. Therefore, the ruling of the court dismissing the suit as against The Weatherbuster Corporation was not prejudicial to the appellant since the same result would have followed had The Weatherbuster Corporation remained in the suit. It is not necessary for us to decide, and we do not decide, the question of the correctness or incorrectness of the trial judge's decision on the motion to dismiss for the want of jurisdiction.

For the reasons hereinbefore stated, we are of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.