STRIBLING BROTHERS MACHINERY Co., et al. *v.* THE GIROD COMPANY, et al.

No. 41546 November 7, 1960 124 So. 2d 289

*Dent, Ward, Martin & Terry,* Vicksburg, for Stribling Bros. Corporation and Stribling Bros. Machinery Company.

*Prewitt & Bullard,* Vicksburg, for The Girod Company and Fred Girod.

ETHRIDGE, J.

This cause involves two appeals from two separate judgments of the Circuit Court of Warren County. The cases were consolidated for trial and for appeal by agreement of the parties.

The Girod Company and Fred Girod
vs.
Stribling Brothers Corporation

Stribling Brothers Corporation (called Stribling Corporation) sued the Girod Company (called Girod) and Fred Girod on a promissory note executed by defendants, dated November 21, 1955. There was no counterclaim. After a trial, the jury returned a verdict for plaintiff for the amount owing, $1,619.78. The Girod Company and Fred Girod took a direct appeal.

Appellants' contention, that there was no consideration for the note, is based on the following facts: Girod is engaged in the business of producing and marketing sand and gravel, obtained principally from the Mississippi River. Stribling Brothers Machinery Company (called Stribling Machinery), domiciled in Jackson, is a corporation selling heavy machinery, principally of Caterpillar manufacture. In 1952 Girod purchased from Stribling Machinery a Caterpillar Electric Set and in 1953 a Caterpillar Marine Engine. Prior to 1955, Girod incurred an open account obligation to Stribling Machinery for parts on the electric set and marine engine, and on other equipment owned by it. The original purchase money notes for these two items of equipment were assigned to a bank, and were paid by Girod. However, the parts account on this and other equipment remained.

In 1954 the Greenwood branch of Stribling Machinery was set up as a separate corporation, named Stribling Brothers Corporation. The assets of Stribling Machinery were divided between two corporations, and a portion of the parts account of Girod was assigned by Stribling Machinery to the new corporation, Stribling Brothers Corporation, as an account receivable. In February 1955 Stribling Machinery was demanding payment of the entire parts account. Girod contended that the electric set and marine engine were defective, and he owed nothing because the parts account consisted of parts used to repair this Caterpillar equipment. In February 1955 the Girod Company executed a promissory note, and the parts account was credited with its amount. The company did not pay the note, and later in 1955 Girod discussed the matter with N. G. Augustus, Jr., Secretary of Stribling Machinery, asking for further extension of time. Stribling Machinery had placed the note in the hands of its Vicksburg attorneys for collection. Girod agreed to pay a certain amount within ten days, and the remainder in payments over a year, so

the note was rewritten and the obligation was reshaped. The reworking of the obligation was conditioned upon Girod individually endorsing the notes of the Girod Company, which he did. That portion of the parts account which had been assigned to plaintiff was evidenced by the note sued on here.

Appellants, the Girod Company and Fred Girod, contend that there was no consideration for the note of February 1955, and for the renewal note sued on in this action, dated November 21, 1955, because there was no evidence that the parts account owed by appellants was credited with the amount of the note. However, this contention is without merit. Augustus, agent for Stribling Brothers Corporation, as well as Stribling Machinery, testified about the transaction, and a credit to the Girod parts account with the amount of the note at the time of the execution of the original note. Fred Girod admitted its execution and his signature as an endorser. Also, appellants obtained two instructions submitting to the jury the question of whether the evidence reflected a consideration for execution of the note. The jury by its verdict for Stribling Corporation found against appellants' contention in this respect.

██ █ Moreover, the introduction of the note raised a presumption of consideration. Miss. Code 1942, Sec. 65. A plea of want of consideration is an affirmative defense, with the burden of proof upon the defendant. Code Sec. 69. Milstead v. Maples, 180 Miss. 476, 177 So. 790 (1938). ██ █ A note given in liquidation of a prior note is a sufficient consideration. Code Sec. 66. Under all of these circumstances, there was ample evidence to warrant the jury's finding, that there was a consideration for the note and appellant had been given credit on the parts account for it. Hence the judgment for Stribling Brothers Corporation is affirmed.

Stribling Brothers Machinery Company
vs.
The Girod Company and Fred Girod

Stribling Brothers Machinery Company filed suit against the Girod Company and Fred Girod on a promissory note executed by defendants, dated November 21, 1955, in the principal amount of $1,778.76. It later developed that, with credit for a payment, only $457.00 plus interest is unpaid on this note. The defendants denied the indebtedness and filed a counterclaim, in which they asserted substantial damages against Stribling Machinery for breach of both an express and implied warranty with reference to the Caterpillar Electric Set and Marine Engine. The counterclaim averred that Girod Company relied upon the promises of Stribling Machinery's agent, Watkins, that this equipment would perform the job, cross-defendant had a superior knowledge and information about these items, and cross-defendant's representations induced Girod to purchase them; that the marine engine and the electric set were defective and wholly unsuitable for the purposes recommended by cross-defendant, and as a result Girod expended large sums of money in attempting to repair them, and lost certain profits and rentals. Stribling Machinery's answer denied the averrments in the counterclaim, and alleged that its warranty was limited to that contained in the customer's order.

The counterclaim contained two counts: One pertained to damages for repairs and lost profits arising from the electric set, and the second the marine engine. The circuit court submitted the issues on the declaration and counterclaim to a jury, which found for the defendant and counterclaimant, "on count 1 or 2 or both whichever the case may be, in the amount of $3,299.78." Judgment was entered against Stribling Machinery for that amount, from which this appeal was taken.

The trial court erred in submitting to the jury any issues stemming from count 1 of the counterclaim, which pertained to the electric set purchased by Girod on February 12, 1952. The Girod Company, by Fred Girod,

signed a customer's order for the electric set. That order, which was later accepted and the equipment shipped, received and used by Girod, contained these provisions with reference to a warranty:

"5. The seller shall not be held liable or responsible for any damages, whether on account of personal injuries, or otherwise, suffered or sustained in the operation of said machinery, nor for any implied warranties, nor for any damages resulting to the undersigned by reason of any delays or any alleged failure of said machinery to operate, and the liability of said seller shall be limited to the following warranty:

"6. Prices quoted are the current prices. Invoicing of all products shall be at price prevailing at time of shipment.

"Warranty:

"The manufacturer warrants the above listed machinery manufactured by it for _____ months from date of shipment, this warranty being limited to the furnishing at its Factory of such parts as shall under normal use and service appear to it to have been defective in material or workmanship. This warranty is limited to the shipment to the purchaser without charge, except for transportation of the part or parts intended to replace the part or parts claimed to have been defective, and which upon their return to said company at its Factory for inspection it shall have determined were defective, and provided transportation charges for the parts so returned have been prepaid.

"No warranty of any machinery is made or authorized to be made by the seller other than the above specified. The seller makes no warranty whatever in regard to trade accessories, such being subject to the warranty of their respective manufacturers, and the seller's warranty does not obligate it to bear the cost of labor in replacement of defective parts.

"7. The purchaser agrees that this order shall not be countermanded by him, and that when it is accepted

it will cover all agreements between the parties relative to this transaction, and that the seller is not bound by any representations or terms made by any agent relative to this transaction which are not embodied herein.''

This customer's order expressly provided that the seller, Stribling Machinery, should not be held liable or responsible for any implied warranty. Seller's liability was limited to the specified warranty. In effect, it was the same as that of the manufacturer: To furnish such parts as appear to it to have been defective in material or workmanship, under normal use and service, after the seller or the manufacturer has determined the set was defective. This express warranty contains no assurance that the electric set was suitable for the purposes for which Girod purchased it. The seller's liability was expressly limited to the stated warranty, negative any other.

 It is well-established that an express warranty of this type excludes the idea of an implied warranty. Where the parties have deliberately contracted in writing, a clause negativing an implied warranty limits the entire agreement to the writing. 46 Am. Jur., Sales, Secs. 333-335, 354. An express warranty excludes the implication of any warranty inconsistent with it. 77 C. J. S., Sales, Sec. 316. This is particularly true where the instrument, as here, expressly excludes an implied covenant. Ibid., Sec. 317.

 Girod's counterclaim for damages arising from the repairs and parts for the electric set does not fall within the express terms of the customer's order and contract. Hence Morrow v. Barron Motor Co., 229 Miss. 51, 90 So. 2d 20 (1956), is not in point. Girod's contention is that Watkins, the salesman for Stribling Machinery, studied its needs and represented that the electric set which was sold it was what the purchaser needed for the job. However, the customer's order negatived any other warranties, and provided that ''the seller is not bound by any representations or terms made by any

agent relative to this transaction which are not embodied herein." The trial court erroneously overruled appellants' objections to testimony as to oral representations to this effect by Watkins. ██ Evidence of contemporaneous oral agreements and representations varying, modifying, or controlling the written agreement is inadmissible, where the contract expressly states that it contains the entire agreement of the parties. Grenada Automobile Co. v. Waldrop, 188 Miss. 468, 195 So. 491 (1940); Berry v. McKay, 194 So. 299 (Miss. 1940); J. T. Fargason and Sons, Inc. v. Cullander Machinery Co., Inc., 224 Miss. 620, 80 So. 2d 757 (1955).

██ In summary, the express warranty and the disclaimers of any other warranties, as set forth in the customer's order, limited the liability of Stribling Machinery to the duties stated in the warranty of the electric set. The record does not reflect the breach by Stribling Machinery of that express warranty. Moreover, the duration of the warranty is for a reasonable time after delivery of the equipment. 77 C. J. S., Sales, Sec. 320. The alleged representations by Watkins as to fitness or suitability were wholly unauthorized and prohibited by the customer's order. The customer's order negatived any authority by him. Hence it was error to admit in evidence, over the objections of appellant, evidence as to damages arising from repairs and parts for the electric set. Appellant, Stribling Machinery, was entitled to a peremptory instruction in its favor on count 1 of the counterclaim.

Count 2 of Girod's counterclaim sought damages for repairs and loss of profits allegedly resulting from defects in the marine engine purchased from Stribling Machinery, based upon an express and implied warranty. In view of the disposition of this case, we do not find it necessary to consider whether the express warranty in the customer's order for the marine engine is binding upon Girod. Girod did not sign the customer's order for the marine engine. It was given by Fred Girod over

the telephone to Watkins, appellants' salesman, who filled out the customer's order form for Girod. Subsequently the purchaser received and used this equipment.

Assuming there is no express warranty as to the marine engine, we hold that Girod's counterclaim cannot be based upon an implied warranty. The pertinent rule is stated in Watts v. Adair, 211 Miss. 777, 52 So. 2d 649 (1951): "Regardless of the modern trends, recognized in other jurisdictions, there is in this State no implied warranty of fitness or quality of articles where there has been an executed sale by one not a manufacturer." In short, there was no implied warranty by Stribling Machinery, the dealer, of fitness or quality of the marine engine. The dealer was not the manufacturer.

Since there was no express or implied warranty, appellee could recover on its counterclaim with reference to the marine engine only on a theory of fraud and deceit by Stribling Machinery through its agent in procuring the sale to Girod. We do not think the evidence would support recovery on that basis. Girod testified that he asked Watkins, appellants' salesman, to recommend what it would take to repower one of his boats, so it could pull one or two barges up the river with a good load; and Watkins recommended this particular marine engine, stating it was what he needed. Girod said that, relying on this, he bought the marine engine which Watkins recommended.

These so-called misrepresentations were words of general commendation of the unit offered for sale by appellants' salesman, and were not such as to constitute actionable misrepresentations. They were nothing more than assertions of opinion by the salesman, and were not such as to impose legal liability upon Stribling Machinery. Thomas v. Miss. Valley Gas Company, 237 Miss. 100, 113 So. 2d 535 (1959), is analogous and in point on this issue. See also Bullard v. Citizens' National Bank, 173 Miss. 450, 160 So. 280, 162 So. 169

(1935). We construe the two Mississippi cases relied upon by appellant as being based upon adequate showings of fraud or deceit. See J. A. Fay and Eagan Company v. Louis Cohn and Bros., 158 Miss. 733, 130 So. 290 (1930); Magee Laundry & Cleaners, Inc. v. Harwell Appliance Co., Inc., 184 Miss. 435, 185 So. 571 (1939). Morrow v. Barron Motor Co., *supra,* is not in point, because the counterclaim was based upon an express, written warranty by the automobile dealer. Hence appellant was entitled to a peremptory instruction also on count 2 of appellee's counterclaim.

In summary, the circuit court erred in refusing appellant, cross-defendant, a peremptory instruction on appellee's counterclaim, and in refusing appellants' requested peremptory instruction on its declaration. The judgment in favor of appellee in this case is reversed, and judgment is rendered here in favor of appellant, dismissing appellee's counterclaim and holding that appellant is entitled to recover on its declaration based upon the promissory note of appellees, in the amount still due and owing, $457, plus accrued interest and attorneys' fees as provided therein.

In The Girod Company and Fred Girod v. Stribling Brothers Corporation, the judgment is affirmed; In Stribling Brothers Machinery Company v. The Girod Company and Fred Girod, the judgment is reversed, and judgment rendered here for appellant.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.