**Ed VAN DEN BROEKE,**
**Plaintiff-Appellant,**

v.

**BELLANCA AIRCRAFT**
**CORPORATION,**
**Defendant-Appellee.**

**No. 76–3423.**

United States Court of Appeals,
Fifth Circuit.

July 12, 1978.

---

James W. Nobles, Jr., Jackson, Miss., John W. Christopher, Canton, Miss., for plaintiff-appellant.

Anson B. Chunn, James A. Peden, Jr., Jackson, Miss., for defendant-appellee.

Before GEWIN, GODBOLD, and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this diversity action, appellant contends that the district court erred in granting appellee's motion for summary judgment. The district court held that express disclaimers of warranty precluded appellant's reliance on implied warranties of merchantability and fitness and negligence

in design. Because we hold that the disclaimers were not shown to be part of the agreement, however, we reverse.

The facts are simple. In April of 1973, appellant ordered an airplane from appellee through Abide Aero Service. In arriving at his decision to purchase this plane for use as a commercial crop duster, appellant was relying on advertising by Bellanca representing such a use. Additionally, he made his purpose known to the agent at Abide Aero. When the aircraft was delivered on June 6, 1973 a warranty certificate purporting to disclaim implied warranties and limit damages was also delivered. A postcard notifying Bellanca of the purchase for the purpose of activating warranties was also delivered. This card was returned to Bellanca either by appellant's office or by Abide Aero. Subsequently, appellant began experiencing mechanical difficulties with the aircraft and after absorbing business losses, sold the plane. Appellant then brought suit alleging breach of warranties and negligence in construction. Appellant asked for damages to include lost profits, cost of repairs, and loss on the resale of the aircraft. The district court granted appellee's motion for summary judgment holding that appellee's disclaimers of warranties precluded recovery. Appellant then appealed to this court.

Because this is a diversity case we, of course, apply Mississippi's law. The particular law we look to is Mississippi's version of the Uniform Commercial Code, Miss. Code Ann. (1972) § 75–1–101 *et seq.* Appellant bases his right to recovery under the Code on § 75–2–314, providing generally for implied warranties, and on § 75–2–315, providing for warranty of fitness for a particular purpose. Appellant also contended that the plane was negligently manufactured. Appellee contended, and the lower court agreed, however, that these warranties were excluded by virtue of the disclaimers in the warranty document, and that remedies were limited, pursuant to § 75–2–719, to preclude recovery for consequential damages or negligence.

The law with respect to limitation on exclusion of warranties in Mississippi was unclear at the time of the purchase of the airplane. Although both § 75–2–314 and § 75–2–315 provide that the implied warranties shall arise unless "excluded or modified," the legislature failed to enact § 2–316, the section normally dealing with exclusion or modification of warranties. Happily, however, we need not purport to decide whether and to what limit warranties may have been able to be disclaimed in Mississippi, because we hold that the disclaimers were not shown to have become part of the contract.

Both historically and under the Code, the time for determining the terms of the contract is when the bargain is struck. Disclaimers of warranty are no different. Therefore, unless the disclaimers are disclosed prior to the agreement and agreed upon, thereby made part of the contract, they are not binding. In the instant situation this is reflected by the language of § 75–2–315 which refers to the time of contracting as the operative time, and by that of § 75–2–719 which requires agreement on the limitation of remedies. See White and Summers, Uniform Commercial Code (1972), § 12–5 at p. 363. It is evident that under Mississippi authority, the time of contracting is the relevant point to determine limitations on warranties. See Stribling Brothers Machinery Co. v. Girod Co., 239 Miss. 488, 124 So.2d 289 (1960). As the record was developed below, the warranty was not delivered apparently until after the agreement had been made. The record does not adequately reflect the time at which the contract was made in this case, and thus does not reveal whether the warranty document limiting warranties and remedies was delivered before the time of contracting or after that time. The parties are free to develop this factual issue on remand.

The requirements for modification are also provided by the Code, § 75–2–209. Because the aircraft in question cost in excess of $500, the sales contract is subject to § 75–2–201, the Code "statute of frauds."

Because the underlying contract is subject to § 75–2–201, § 75–2–209(1) and (3) requires a signed modification agreement. In the instant case, there appears to be neither an agreement by appellant accepting a modified warranty scheme, nor a signature of appellant signifying such acceptance. A warranty card was mailed notifying Bellanca of appellant's purchase. This postcard, however, did not contain the warranty disclaimer, did not incorporate them by reference, and was not signed by appellant. Therefore, it would be impossible for us to hold that the mere action of returning a notice-type postcard was a modification of a contract.

Even though the postcard was ineffective to operate as a modification, § 75–2–209(3) provides that such an ineffective attempt can, under the proper facts, operate as a waiver. According to its accepted definition, a waiver is a voluntary and intentional relinquishment of a known right. Judged by this standard it would be impossible for us to hold that the sending of the postcard constituted a waiver as a matter of law. The postcard, by its terms merely notifies Bellanca that a sale has been made. Although it is denoted as a "Warranty Registration" and states "To place your Bellanca Warranty into effect you must mail this card to the factory within 7 days of delivery to original user or purchaser" there is nothing evidencing an intent on the part of appellant to relinquish his other warranties in favor of the Bellanca Warranty. The probable intent of the appellant, if indeed he sent the card, was to insure hassle-free service for whatever would be covered by the Bellanca Warranty. Because no one actively desires a law suit, until one is necessary it is eminently practical to give notice in order to insure that those repairs which may fortunately fall under the limited warranty would be promptly effected. The mere fact that one seeks to avoid a lawsuit until it is practically necessary however, should not imply the intent to waive other contractual rights. Based upon the record as developed, we therefore hold that appellant did not waive

the implied warranties and remedies that arose upon the purchase of the aircraft.[1]

Because the disclaimers were ineffective for the reasons states above, we REVERSE and REMAND.

---

1. Of course, appellee is free to prove on remand that appellant, as a matter of fact, did waive implied warranties. We merely hold that, on the record before us, appellee did not prove appellant's waiver.