In re AMBASSADOR PARK
HOTEL, LTD., Debtor.

Civ. A. No. CA3–86–0312–D.

United States District Court,
N.D. Texas,
Dallas Division.

May 29, 1986.

Burton Gilbert & Dana Dahl Gilbert & Colvin, Fort Worth, Tex., for appellant Thomas Electronics, Inc.

Patricia Hill, Baker, Mills, Miller & Murray, Dallas, Tex., for appellee Ambassador Park Hotel, Ltd.

## OPINION

FITZWATER, District Judge.

In this appeal from an order of the bankruptcy court dismissing appellant's claim against a Chapter 11 debtor, appellant, Thomas Electronics, Inc. ("Thomas"), contends it was deprived of timely and sufficient notice of the hearing on the debtor's objection to its claim. The questions presented on appeal are: (1) whether Thomas timely filed its notice of appeal; (2) whether eight-days' oral notice of the hearing on debtor's objection was adequate under Fed.R.Bankr.P. 3007; (3) whether Thomas waived its right to the notice required by Fed.R.Bankr.P. 3007; (4) whether Fed.R.Bankr.P. 9014 requires only "reasonable" notice; (5) whether the bankruptcy court, for cause shown, reduced the required notice pursuant to Fed.R.Bankr.P. 9006(c); and (6) whether the determination that eight-days' oral notice was "adequate" notice was a proper use of the bankruptcy court's discretion under 11 U.S.C. § 105(a). Concluding that Thomas timely filed its notice of appeal, that eight-days' oral notice of hearing was inadequate, that there is no basis for concluding that Thomas waived its right to adequate notice, and that Fed. R.Bankr.P. 9014 and 9006(c) and 11 U.S.C. § 105(a) are inapposite, the court REVERSES the order of dismissal and REMANDS the claim to the bankruptcy court for further proceedings in accordance with this opinion.[1]

---

1. Pursuant to Fed.R.Bankr.P. 8012, the court has decided this appeal without hearing oral argument for the reasons that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument.

## I.

### *Background Facts*

Except as noted, the material facts are not disputed. Ambassador Park Hotel, Ltd. ("Ambassador"), appellee, filed a voluntary bankruptcy petition on June 6, 1983. On September 7, 1983 Ambassador filed an application for fixing of time for filing of claims. The bankruptcy court set November 30, 1983 as the last date to file a proof of claim, by order signed October 12, 1983. On February 21, 1984 Thomas filed its proof of claim, stating it had learned by rumor of the Ambassador bankruptcy sometime after the fact. On February 28, 1984 Ambassador filed a written objection to the claim but did not obtain a hearing on the objection. On March 6, 1984 Thomas filed its answer to the objection, stating it first had knowledge of the bankruptcy in early January 1984. Neither party thereafter requested a hearing on the objection until December 1984, when Ambassador requested a hearing on all unresolved matters. The bankruptcy court set a hearing for February 15, 1985.

On January 25, 1985, twenty days before the scheduled hearing, the bankruptcy clerk issued written notice of the hearing to approximately 143 parties included on the mailing matrix or the schedules. Thomas, however, was not listed by Ambassador on either the matrix or the schedules and was not mailed a notice. Ambassador proceeded to prepare for the hearing and, on January 15, 1985, mailed to Thomas a request for production of documents, requesting that certain documents be produced on February 20, 1985, a date five days *after* the scheduled hearing. By telephone, on February 8, 1985, a legal assistant with the law firm that represented Ambassador contacted Thomas' counsel. The content of this conversation is sharply disputed. Ambassador contends that the legal assistant requested that Thomas' counsel provide Ambassador with documents prior to the February 15 hearing, and gave Thomas' counsel oral notice of the hearing. In an affidavit signed by the legal assistant, she states that Thomas' counsel expressed surprise that a hearing was to be held on February 15 but nevertheless agreed to produce the documents. (*See* text of affidavit at note 12, *infra*). Contrary to Ambassador's position, Thomas contends that it and its counsel were "totally unaware of the hearing" (Appellant's Br. at 3) and that "[i]t was fully Thomas's intention to prosecute its claim and oppose the objection." *Id.*

Neither Thomas nor its counsel appeared at the February 15 hearing. The bankruptcy court signed an order dismissing Thomas' claim on February 25, 1985. On March 5, 1985 Thomas filed a motion asking the bankruptcy court to reconsider and set aside the order of dismissal. Ambassador responded to the motion on March 8, 1985. On the same day, the bankruptcy court signed an order *granting* Thomas' motion and setting aside the dismissal order, but on March 11, three days later, it signed an order *denying* Thomas' motion to reconsider. The conflicting orders were both entered on March 12, 1985. When the orders came to the court's attention, the court contacted counsel and advised them that a hearing would be held. At the hearing, the court found that Thomas did not receive the January 24, 1985 written notice but found that Thomas had been given notice eight days prior to the hearing and concluded this notice was sufficient. As a consequence, the court denied the motion for reconsideration and, on April 5, 1985, entered an amended order denying the motion. Thomas did not appeal from this order.

On April 12, 1985 Thomas filed a second motion to reconsider and set aside the order of dismissal. On April 18, 1985 Ambassador filed a responsive brief. On May 13, 1985 the bankruptcy court signed a third order denying Ambassador's motion to reconsider, which order was entered on May 16, 1985.[2] On May 24, 1985 Thomas filed its notice of appeal.

---

2. Throughout the opinion, the order signed May 13, 1985 and entered May 16, 1985 is referred to as the "May 16, 1985" order.

## II.

### Timeliness of Notice of Appeal

█ The first question presented is whether Thomas timely filed its notice of appeal. The court holds that it did. Rule 8002(a)[3] provides that a "notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from." This requirement is jurisdictional, *Matter of Robinson*, 640 F.2d 737, 738 (5th Cir.1981), and failure to timely file the notice deprives the district court of power to hear and determine the appeal. *Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir.1980).

Ambassador contends that Thomas should have appealed within ten days of the April 5, 1985 order denying reconsideration and that the purported appeal from the May 16, 1985 order is a nullity because that order did not emanate from the bankruptcy court's reconsideration of the merits of the original order. (Appellee's Br. at 4–5). Ambassador also contends that Rule 3008, which provides for reconsideration of an order allowing or disallowing a claim, "contemplates a single motion for reconsideration being filed." (*Id.* at 5). In reply, Thomas argues that, pursuant to Rule 8002(b), the filing of a motion for reconsideration in the bankruptcy court extends the ordinary time limitation for appeal, that its March 5 and April 12 motions extended the finality of the bankruptcy court's original order, and that Rule 3008 does not contemplate that only a single motion for reconsideration will be filed. (Appellant's Reply Br. at 3).

█ The court begins its analysis of the timeliness issue with the bankruptcy court's February 27, 1985 order, the first order to dismiss Thomas' claim. It is undisputed that Thomas filed a motion to reconsider and set aside this order pursuant to Rule 3008.[4] Although a Rule 3008 motion to reconsider is not expressly listed in Rule 8002(b),[5] the Ninth Circuit has held that a motion for reconsideration is a motion to alter or amend the judgment within the meaning of Rule 8002(b)(3)[6] and, when timely filed, extends the ordinary time within which to file a notice of appeal. *In re Branding Iron Steak House*, 536 F.2d 299, 301 (9th Cir.1976), *citing SEC v. Baroff*, 497 F.2d 280, 282 n. 3 (2d Cir.1974). Absent Fifth Circuit authority to the contrary,[7] the court finds persuasive and follows the construction given Rule 8002(b)(3) by the Ninth Circuit and holds that the Rule 3008 motion, if timely filed by Thomas, extended the time to file the notice of appeal.

█ The court holds that Thomas timely filed its Rule 3008 motion to reconsider. Neither Rule 3008 nor Rule 9023 (in which

---

3. Unless otherwise indicated, all rules cited are federal rules of bankruptcy procedure.

4. Fed.R.Bankr.P. 3008:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

5. Fed.R.Bankr.P. 8002(b):

If a timely motion is filed in the bankruptcy court by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

6. The Ninth Circuit's decision dealt with Rule 802(b)(3), the predecessor to Rule 8002(b)(3). The textual differences between the two rules would not require a different result under Rule 8002(b)(3).

7. A federal district court is not obligated to follow the decision of another circuit, *Maher v. Zapata Corp.*, 490 F.Supp. 348, 352 (S.D.Tex. 1980), *aff'd*, 714 F.2d 436 (5th Cir.1983), and is bound by the law of its circuit. *Sturgeon v. Strachan Shipping Co.*, 698 F.2d 798, 800 (5th Cir.1983).

category Rule 3008 motions are classified for purposes of Rule 8002(b)(3)) imposes a time limit for filing Rule 3008 motions. Rule 3008 mentions no time limit. Rule 9023 follows the Fed.R.Civ.P. 59(e) time limit of ten days after entry of the judgment, "except as provided in Rule 3008." The Advisory Committee Note to Rule 9023, *see* 11 U.S.C.A. § 9023 Advisory Comm. Note (1984), observes that while Fed.R.Civ.P. 59(e) motions must be served within ten days of the entry of judgment, "[n]o similar time limit is contained in Rule 3008 which governs reconsideration of claims." In the instant case Thomas filed its motion to reconsider within ten days of entry of the February 27 order. Even under the restrictive Fed.R.Civ.P. 59(e) standard, the motion was timely filed.

■ In response to Thomas' motion to reconsider, the bankruptcy court signed two orders: an order, signed March 8, 1985, *granting* reconsideration and setting aside the February 27 order of dismissal, and an order, signed March 11, 1985, *denying* reconsideration and declining to set aside the order of dismissal. The order signed March 8, 1985 read, in part:

IT IS ORDERED that the Motion ... is hereby granted and that said Order entered on February 27, 1985, shall be set aside as the Order of this Court.

(Doc. No. 163). The order signed March 11, 1985 ordered that the motion to reconsider and set aside be denied, but it did not expressly reinstate the February 27, 1985 order of dismissal. (Doc. No. 164).

On March 15, 1985 the court conducted a hearing after which it determined that the motion for reconsideration should be denied. On April 5, 1985 the court entered an amended order denying the motion to reconsider and set aside. The order read, in part:

IT IS, THEREFORE, ORDERED that the Motion to Reconsider and Set Aside Order filed by Thomas Electronics, Inc. is DENIED, and that the claim of Thomas Electronics, Inc. is DENIED.

(Doc. No. 165). Because the February 27, 1985 order dismissing Thomas' claim was expressly vacated by the March 8, 1985 order and was not reinstated by the March 11, 1985 order, and because the April 5, 1985 amended order did by its terms deny the claim of Thomas, the April 5 order was the first operative order from which to take an appeal or to which to address a Rule 8002(b) motion. Within ten days of the entry of the April 5, 1985 order, Thomas took the latter course, timely filing a second Rule 3008 motion to reconsider and set aside. On May 16, 1985 the bankruptcy court entered its third order denying motion to reconsider. (Doc. No. 172). Thereafter, within ten days, Thomas filed its notice of appeal.

■ Ambassador contends that Thomas' second motion to reconsider did not extend the time within which to file a notice of appeal because Rule 3008 "contemplates a single motion for reconsideration being filed." (Appellee's Br. at 5). Ambassador argues that to construe Rule 3008 otherwise "could result in the filing of consecutive and identical motions for reconsideration merely to prevent the time for appeal from running." (*Id.* at 6). The court disagrees.

The court can find no limit expressed in Rule 3008, or in a reported case, on the number of motions for reconsideration that may be filed. Ambassador has cited no such authority. Further, where, as here, the bankruptcy court enters on the same day two conflicting orders, one of which grants the relief sought in a motion to reconsider and the other of which denies such relief, and the court thereafter issues another order which denies the claim, it is reasonable to allow the aggrieved party to file a second motion to reconsider as a means of insuring that the court has finally ruled as it intends. As the Ninth Circuit stated in *Branding Iron Steak House*, 536 F.2d at 301, it would be a waste of judicial resources to require that an appeal be filed when the granting of a pending motion to reconsider might eliminate the need for an appeal.

Accordingly, the court holds: (1) the April 5, 1985 order was the first operative

order from which to take an appeal; (2) Thomas timely filed a Rule 3008 motion to reconsider; (3) the motion was not ineffective because it was the second such motion; (4) the motion extended the time for Thomas to file its notice of appeal; and (5) Thomas timely filed its notice within ten days of entry of the order denying the motion.

## III.

### *Sufficiency of Notice of Hearing*

■ Having determined that Thomas' notice of appeal invoked this court's jurisdiction, the court turns to the merits of the appeal. The central question presented is whether eight-days' oral notice of the hearing on Ambassador's objection to Thomas' claims was adequate under Rule 3007. The court holds it was not.

■ Rule 3007, entitled "Objections to Claims," provides:

An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon *shall* be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

(Emphasis added). There is no dispute that written notice of the hearing was not delivered to Thomas, by mail or otherwise, at least 30 days prior to the February 15, 1985 hearing. This court accepts the bankruptcy court's apparent finding[8] that Ambassador notified Thomas' counsel of the hearing orally, by telephone, eight days in advance. Rule 3007, however, states that notice of the hearing *shall* be mailed or delivered to the claimant at least 30 days prior to the hearing. The word "shall" generally dictates a mandatory intent unless a convinc-

ing argument to the contrary is made. *Sierra Club v. Train,* 557 F.2d 485, 489 (5th Cir.1977), *citing C. Sands, Sutherland's Statutory Construction* § 25.04 (4th ed. 1973). No such convincing argument is proffered by Ambassador.

Ambassador, in fact, does not contend that the Rule 3007 notice requirement is permissive. Instead, Ambassador argues that Thomas waived its right to complain of insufficient notice because: (1) no monies were due Thomas from Ambassador; (2) Rule 2002(g) provides that a creditor such as Thomas may direct that notices be sent to it and Thomas never filed such a request; (3) neither during the telephone call to Thomas' counsel on February 8, 1985 nor in a February 9, 1985 letter did Thomas' counsel object to the hearing or make an attempt to re-schedule the hearing; and (4) during the period of 12 days from February 15 to February 27, 1985 Thomas did not take any action to determine the results of the February 15, 1985 hearing but instead waited until March 5, 1985 to file its motion to reconsider. Ambassador further contends that pursuant to Rule 9014 only reasonable notice and opportunity for hearing is required; that the bankruptcy court had the right to reduce the required notice for cause shown pursuant to Rule 9006(c); and that the bankruptcy court's action was a proper exercise of the discretion provided it by 11 U.S.C. § 105(a).

### A. *Waiver*

■ The court begins its analysis of Ambassador's waiver argument by determining the applicable standard of review. The clearly erroneous standard governs the review of the bankruptcy court's findings of fact and inferences drawn from facts. *Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir.1986); Rule 8013. The bankruptcy court's conclusions

---

8. In its order entered April 5, 1985 the bankruptcy court stated that Thomas had "notice" of the hearing scheduled for February 15, 1985. This finding is not clearly erroneous and, giving the bankruptcy court due regard for its opportunity to judge the credibility of the witnesses, the court cannot set it aside. *See* Fed.R.Bankr.P. 8013. Although there is no express finding of fact that eight days' notice was given, it is a necessary element of the finding that notice of the hearing was given, and is the only evidence that would support such a finding.

of law, however, are subject to *de novo* review. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d at 1252.

 In the instant case, the court below made no express fact finding regarding waiver.[9] The only fact findings contained in its April 5 order are: (1) that Thomas received notice of the February 15 hearing, and (2) that despite this notice Thomas failed to appear or otherwise plead. These are not, however, findings of waiver, which is the voluntary and intentional relinquishment of a known right. *See Van Den Broeke v. Bellanca Aircraft Corp.*, 576 F.2d 582, 584 (5th Cir.1978).

 In this circuit, if a trial judge fails to make a specific finding on a particular fact, the reviewing court may assume that the court impliedly made a finding consistent with the general holding so long as the implied finding is supported by the evidence. *Matter of Texas Mortgage Services Corp.*, 761 F.2d 1068, 1075 n. 12 (5th Cir. 1985), *citing Clinkenbeard v. Central Southwest Oil Corp.*, 526 F.2d 649, 651–52 (5th Cir.1976). As noted below, however, the evidence does not support a finding of waiver. Moreover, a finding of waiver is not a necessary corollary to a finding that notice was given, and thus it cannot be held that the bankruptcy court impliedly made a finding of waiver by its finding regarding notice.[10] Accordingly, the court holds that the bankruptcy court has not made a fact finding of waiver that must be reviewed under the clearly erroneous standard.

### (1) *Thomas Not Due any Monies*

 The rationale underlying the contention that Thomas waived its right to notice because no monies were due it is not entirely clear to the court and, in any

event, begs the question. It is for the bankruptcy court to decide, in the first instance, after hearing Ambassador's objection to Thomas' claim, whether Thomas has a valid claim. It is not for this court, without the authority to find facts on appeal, to find that Thomas was due no monies and thereby waived its right to notice of hearing.

### (2) *Rule 2002(g) Notice Request*

 Rule 2002(g) provides:

All notices required to be mailed under this rule to a creditor, equity security holder, or indenture trustee shall be addressed as he or his authorized agent may direct in a request filed with the court; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later, but if a different address is stated in a proof of claim duly filed, that address shall be used.

Ambassador contends that Thomas, acting pursuant to this rule, could have requested that all notices be sent to it. The court does not understand how the right to make such a request, without more, constitutes waiver. The rule simply deals with how mailed notices are to be addressed. The rule does not impose upon a creditor an obligation, not imposed by other bankruptcy rules, to ensure it is listed on the mailing matrix or schedules.

### (3) *February 8, 1985 Telephone Call and February 9, 1985 Letter*

Ambassador argues that Thomas waived its right to 30–day's notice because Thomas' counsel did not, either in the telephone conversation of February 8, 1985 with the legal assistant, or in a letter dated February 9, 1985, object to the hearing or make an attempt to re-schedule the hearing.

---

9. If the court below did make such a finding it is not preserved in the record, and it is Ambassador's burden to prepare the record so that the court will have before it the evidence which supports its argument. *See In re Record Club of America*, 38 B.R. 691, 697 (M.D.Pa.1983). Moreover, the bankruptcy court's statement in its May 16, 1985 order that Thomas had "adequate notice" of the February 15 hearing is a conclusion of law.

10. In the context of Fed.R.Civ.P. 52(a), the Fifth Circuit has remanded cases where the trial court has failed to make fact findings on critical and material issues. *E.g., Ionmar Compania Naviera, S.A. v. Olin Corp.*, 666 F.2d 897, 903 (5th Cir.1982); *Echols v. Sullivan*, 521 F.2d 206, 207 (5th Cir.1975).

■ Taking the February 9 letter first, it is certainly true that in the letter Thomas' counsel did not object to the hearing. This fact taken alone, however, does not demonstrate waiver. Of greater significance, nothing in the letter even acknowledges the existence of a February 15 hearing much less waives notice of the hearing.[11]

■ With respect to the February 8 conversation there is likewise nothing in the record to support a finding of waiver. As previously noted, Thomas and Ambassador directly dispute each other's versions of the conversation. The bankruptcy court apparently believed Ambassador, for it found in its April 5, 1985 order that "[Thomas] did have notice of the hearing scheduled for February 15, 1985." (Doc. No. 165). Nevertheless, the only evidence of the conversation preserved for appeal is the affidavit of the legal assistant. The affidavit states only that Thomas' counsel was advised of the February 15 hearing, expressed surprise that the claim was scheduled for trial at that time, and agreed to produce documents.[12] The affidavit does not state facts from which the bankruptcy court could have concluded that

Thomas intentionally and voluntarily relinquished a known right.

### (4) *Failure to Determine Results of Hearing*

■ Ambassador lastly contends that Thomas' failure to determine the results of the February 15 hearing for a period of twelve days evidences a waiver of the Rule 3007 notice. As with Ambassador's other waiver contentions, this one is not supported by the record.

### B. *Rule 9014*

■ Ambassador relies upon Rule 9014 for the proposition that only "reasonable notice and opportunity for hearing" needed to be given to Thomas. The court disagrees. Rule 9014 by its terms applies only to a case "not otherwise governed by these rules." Rule 3007 expressly provides for at least 30-days' notice of hearing.

### C. *Rule 9006(c)*

■ Ambassador contends the bankruptcy court had the right to reduce the 30-day notice period for cause shown pur-

---

11. The letter reads:

2-9-85

Baker, Miller, Mills & Murray
1910 Pacific Av.
1000 Pacific Pl.
Att'n Hill or Mantas [sic]
re Ambassador Pk. Hotel
creditor [sic]: Thomas Electronics
Under separate cover we send a packet of copies from the Thomas file, which, together with the pleadings, may help to clarify the matter. If we can be of further help please let us know. Last April you notified us the $25,-512 to cover the Thomas claim was in escrow. We are hopeful the creditor-in-possession-trustee may soon be able to remit such amount to Thomas. It may not be inappriate [sic] to mention I have represented Thomas something over 20 years and know that anything in their pleadings may be accepted or can be proven.
————Very Truly,
————/s/ Albin Ulrickson
————Albin Ulrickson

12. The affidavit reads:

Cynthia M. Mankus, being first duly sworn on her oath, deposes and says the following:

1. I am a legal assistant with the firm of Baker, Smith & Mills and am duly qualified to make this affidavit.
2. On February 8, 1985, at the instruction of Patricia A. Hill, I telephoned Albin Ulrickson, attorney for Thomas Electronics. I advised Mr. Ulrickson that because the Thomas Electronics claim was scheduled for trial on February 15, 1985, it would be necessary for us to receive the documents requested in our Request to Thomas Electronics for Production of Documents prior to that date. Mr. Ulrickson expressed surprise at my mention of the trial setting and agreed to produce the documents. Mr. Ulrickson also indicated that the $25,512 figure in the claim of Thomas Electronics was a compromise figure and not the actual cost. This conversation was followed with a letter from Mr. Ulrickson dated February 9.
3. The requested documents were received by my firm on approximately February 12, 1985.
4. I had no further conversations with Mr. Ulrickson after the conversation on February 8.
————/s/ Cynthia M. Mankus
————Cynthia M. Mankus

suant to Rule 9006. However, there is no indication in the record that the bankruptcy court did affirmatively reduce the notice period. There are no factual findings or any indication that the bankruptcy court found that any good cause was shown for doing so. Rule 9006(c) may not be used after the fact to cure defective procedure.

### D. *11 U.S.C. § 105(a) Discretion*

 Ambassador lastly urges that the bankruptcy court properly exercised the discretion afforded it by 11 U.S.C. § 105(a), which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

The court does not understand this statutory provision to abrogate in any way the mandatory notice requirement of Rule 3007 and holds that it does not.

### IV.

The order of dismissal entered April 5, 1985 is REVERSED and the case is REMANDED to the bankruptcy court. This court expresses no opinion regarding whether Thomas has a valid claim, holding only that Thomas is entitled to written notice of at least 30 days prior to the hearing on Ambassador's objection.

In accordance with Rule 8016(a), the clerk of this court shall prepare, sign, and enter a judgment vacating the order of dismissal of the bankruptcy court entered April 5, 1985 and remanding this case to the bankruptcy court for further proceedings in accordance with this opinion. Costs of this appeal are taxed against Ambassador. *See* Rule 8014.

REVERSED AND REMANDED.